JAMES M. HUTCHINS, Appellant, *v.* RUSSELL HEBBARD, Respondent.

When it· becomes material to ascertain the purpose for which a writing was executed, if not inconsistent with its terms, it may properly be proved by parol.

Where the principal contract is oral, and, in part performance, a written instrument is executed, which is merely incidental and subordinate, the former is not merged in the latter.

A guaranty of performance, indorsed upon an instrument embracing the transfer of a right of action and an executory agreement by the assignor, in the absence of language indicating a different intent, will be construed as referring to the executory agreement, and not to the title of the assignor.

Where a note is indorsed on the faith of an equitable pledge by the maker, of moneys earned by him under a contract with the State, but not yet due, a power of attorney authorizing the indorser to collect such moneys when they become payable, is not subject to revocation, being a power coupled with interest.

One who afterwards,· while the liability of the indorser is still contingent, receives from the maker a transfer of the same fund, with notice of the equitable pledge, takes subject to the equity of the pledgee.

An *estoppel in pais* does not arise from the mere omission to give special notice of an equity, to one already aware of its existence.

THE appeal was from a judgment of the Supreme Court, affirming the judgment rendered by Mr. Justice ALLEN, at the Onondaga Circuit, dismissing the complaint with costs.

The action was brought by the plaintiff to recover money collected by the defendant from the State, under an irrevocable power of attorney from the contractors, through whom the plaintiff claimed by assignment subsequent to the execution of the power.

On the 14th of July, 1854, Clark Hebbard, a brother of the defendant, and Michael B. Hutchins, the father of the plaintiff, formed a partnership in the business of canal contractors, under the firm name of Hebbard & Hutchins. They entered into a number of contracts with the State for the performance of work on the Erie canal, and one of these was for work on section 147. For the purpose of prosecuting the work on their various contracts, they were in the

habit of raising money on their notes, indorsed either by the defendant or Fay H. Hutchins, or both; and in the management of their financial affairs, Clark Hebbard was the acting member of the firm.

On the 22d of May, 1855, the defendant indorsed, among others, a note of the firm for $1,400; and in consideration of this and other indorsements by the defendant and Fay H. Hutchins, respectively, and for the purpose of securing them for all such indorsements made or to be made by them, or either of them, the two contractors executed and delivered a power of attorney, jointly and severally appointing the defendant and Fay H. Hutchins their attorneys, and authorizing them to draw the last payments of fifteen per cent on each of the contracts in question.

The liability of the defendant on the $1,400 note was continued by renewals from time to time, and on the 1st of March, 1857, he paid $716.39, and on the 5th of June following, $801.11, to the bank which held the paper, and no part of the amount was ever repaid to him by the maker.

On the 15th of May, 1858, the defendant, with the plaintiff's consent, but without prejudice to his claim to the fund, received the fifteen per cent remaining due from the State on the contract for work upon section No. 147, amounting to $1,029.53.

On these facts the defendant claimed that he was entitled to this fund to indemnify him, so far as it would go, against the indorsement he had made for the contractors on the faith of the fund, and upon which he had paid $1,517.60 to the bank.

The following facts were relied upon by the plaintiff to defeat the defendant's claim.

On the 3d of January, 1856, the contractors divided part of their contracts, Hebbard assigning to Hutchins his interest in the contract for section 147 and the back percentage thereon, and Hutchins assigning to Hebbard his interest in the other contracts so divided, with the back percentage thereon. Each agreed to perform, according to their terms, the contracts assigned to them respectively. The defendant

guaranteed such performance by Clark Hebbard, his brother, and the plaintiff gave a like guaranty of performance by his father, M. B. Hutchins.

On the 6th of February following, M. B. Hutchins assigned to the plaintiff his interest in the contract for work on section 147, and the moneys payable thereon.

It also appeared that on the 1st of September, 1856, Fay H. Hutchins assigned to the defendant his interest in the power of attorney from Hebbard and Hutchins, and the moneys to be drawn under it.

Upon the foregoing facts the plaintiff claimed that the power of attorney was revoked before the money was drawn, and that, at all events, the defendant was estopped from claiming the back percentage.

The judge held otherwise, and judgment was rendered in favor of the defendant, and affirmed on appeal to the General Term.

The questions of law presented for review arise on the admission of parol proof that the power of attorney was executed to secure the attorneys for indorsements made by them or either of them for the contractors, and on the legal conclusions of the judge from the facts as found.

*Francis Kernan,* for the appellant.

*Amasa J. Parker,* for the respondent.

PORTER, J.  The power of attorney did not constitute the contract between Hebbard & Hutchins and their indorsers. It was delivered in part performance of the oral agreement, of which it was a mere incident. As that agreement was never reduced to writing, it was properly established by oral evidence. (*Wentworth* v. *Buhler,* 3 E. D. Smith, 305, 307; *Batterman* v. *Pierce,* 3 Hill, 172, 178; *Potter* v. *Hopkins,* 25 Wend., 417; *Barry* v. *Ransom,* 2 Kern., 462.) When the purpose for which a writing was executed is not inconsistent with its terms, it may properly be proved by parol. (*Truscott* v. *King,* 2 Seld., 147, 161; *Chester* v. *Bank of Kingston,* 16 N. Y., 336, 343; *Agawam Bank* v. *Strever,* 18

id., 502.) The objection of the plaintiff to the evidence introduced for this purpose was therefore properly overruled.

The question as to the propriety of paying the fund in controversy to the defendant, is not open for consideration, as he received it with the consent of the plaintiff. He is entitled to retain it if, upon the facts found in the court below, he is the party to whom it equitably belongs. The liability paid by him as indorser for the two contractors, was incurred on the faith of a pledge of the fund in question, and it plainly belongs to him, unless some act or omission on his part has extinguished his right.

The plaintiff claims under an assignment from his father, M. B. Hutchins, who, on the 6th of February, 1856, executed a transfer of all his interest in the contract, and the moneys to become due thereon. He was one of the original contractors, and had shortly before obtained a similar transfer of the interest of his associate. The plaintiff thus acquired the existing rights of both, and he acquired no more. Their interest was subject to the defendant's equity as pledgee of the fund, to secure him against his contingent liability. They did not assume to revoke the previous power of attorney, and they could not have done it if they would, for it was a power coupled with an interest. (*Gunson* v. *Morton*, 10 Barn. & Cress., 731; *Knapp* v. *Alvord*, 10 Paige, 205.)

It is claimed that the defendant was equitably estopped from asserting his right in the fund, by his omission to disclose it, at the time of the transfer of interest by one of the joint contractors to the other. This proposition has no foundation on which to rest. The precise nature and extent of the defendant's interest was known to the assignee as well as the assignor. They were the parties by whom the fund was pledged. The assignment was merely a transfer by one to the other, subject to a known and existing equity. There is nothing to raise an estoppel in pais between the parties to a contract, when there is no statement, act or omission on the part of either by which the other is misled. (*Lawrence* v. *Brown*, 1 Seld., 401; *Plumb* v. *Cattaraugus Insurance Co.*, 18 N. Y., 394.)

The claim that the defendant was estopped by his engagement as guarantor, is equally untenable. The instrument executed by the contractors, as between themselves, on the 3d of January, 1856, had a two-fold purpose and office. It operated as a present transfer by each to the other, of his interest in a portion of the joint contracts, and the moneys to become due thereon, and also as an undertaking, by each with the other, to complete the performance of the contracts apportioned to him, and for which both were bound to the State. The two guaranties executed respectively to the plaintiff in behalf of his father, and the defendant in behalf of his brother, had relation, not to the transfers of interest, but to the performance of the unfinished work on the contracts assigned. The undertakings of the respective sureties plainly referred to the executory agreements, and not to the executed assignments. The Supreme Court was therefore right in holding, that the defendant's guaranty did not operate as a release of his interest in the fund.

The judgment should be affirmed.

All the judges concurring,

Judgment affirmed.