AUGUSTUS D. JUILLIARD, as Receiver, etc., Appellant, *v.* ZECHARIAH CHAFFEE, as Trustee, etc., Respondent.

The rule excluding evidence of parol negotiations and undertakings, when offered to contradict or substantially vary the legal import of a written agreement, does not prevent a party to the agreement, in an action between the parties thereto, from proving, by way of defense, the existence of an oral agreement made in connection with the written instrument, where the circumstances would make the use of the latter, for any purposes inconsistent with the oral agreement, dishonest or fraudulent.

As also the consideration of an agreement is open to inquiry. a party may show that the design and object of the written agreement were different from what its language, if alone considered, would indicate.

He may also show that the written instrument was executed in part performance only of an entire oral agreement, or that the obligation of the instru-

ment has been discharged by the execution of a parol agreement collateral thereto.

In an action to recover a sum of money, alleged to have been loaned by H. S. & Co. to defendant, plaintiff put in evidence a written instrument executed by defendant, which stated that he had " borrowed and received " of S. M. & Co. the sum claimed, and that the same was " payable to them or order on demand, with interest." Defendant offered and was permitted to prove, as a defense, that the instrument was executed as part of a prior oral agreement by the terms of which the payees were to advance the money in anticipation, upon debts owing by them and on the defendant's promise that it should be applied in discharge of those debts, and that the writing should be executed, but when the money was so applied that it should be returned to the defendant; also, that the latter had applied the money as agreed. *Held* no error; that the paper was but evidence of part of the agreement, and it was proper to show in defense the whole transaction.

*Hoare* v. *Graham* (3 Camp. 57), distinguished.

Plaintiff sued, as receiver of said firm of S. M. & Co. It appeared that the form of the writing was adopted at the request of the payees, so that if creditors, other than those benefited by the advance, should make inquiry, they might suppose the transaction was as the paper indicated. Plaintiff claimed that this was fraudulent as to other creditors represented by the receiver. *Held* untenable; that in providing beforehand for the payment of one rather than another obligation, the firm violated no duty, although insolvent; also, that it could not be said as matter of law that any fraud was intended by either, it was a question of fact for the jury.

*It seems* that if a creditor was here, who, on the faith of the security apparently afforded by the instrument, had either sold goods or given credit, or in any way changed his position to his detriment, a different question would arise.

*It seems,* also, that if the agreement was against the spirit of the bankrupt or insolvent laws, or otherwise contrary to public policy, plaintiff's position was no better than that of defendant and he could not avail himself of the objection.

(Argued April 27, 1883; decided June 5, 1883.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made January 30, 1883, which affirmed a judgment in favor of defendant, entered upon a verdict and affirmed an order denying a motion for a new trial.

The nature of the action and the material facts are stated in the opinion.

*William Allen Butler* for appellant.    The parol agreement, having been prior to, and inconsistent with, the terms of the writing, should have been excluded.    (1 Greenleaf on Ev., §§ 275, 277; *Hoare* v. *Graham*, 3 Campb. 57; *Mosely* v. *Hanford*, 10 B. & C. 729; *Woodbridge* v. *Spooner*, 3 B. & A. 233; *Free* v. *Hawkins*, 8 Taunt. 92; *Foster* v. *Jolly*, 1 Cr. M. & R. 70; *Adams* v. *Wardley*, 1 M. & W. 374, 380; *B'k of U. S.* v. *Dunn*, 6 Peters, 51, 57; *Billings* v. *Billings*, 10 Cush. 178; *Erwin* v. *Saunders*, 1 Cow. 249; *Payne* v. *Ladue*, 1 Hill, 116; *Brown* v. *Hull*, 1 Denio, 400; *B'k of Albion* v. *Smith*, 27 Barb. 489; *Thomas* v. *Hall*, 45 id. 214; *Dudley* v. *Dole*, 4 N. Y. 486, 491; *Ely* v. *Kilborn*, 5 Denio, 514.)    The written instrument in question was plain and unambiguous, and could not be contradicted or its terms cut down by a prior or contemporaneous oral agreement in contradiction of those terms. (*Mumford* v. *McPherson*, 1 Johns. 414; *Van Nostrand* v. *Reed*, 1 Wend. 424, 432; *La Farge* v. *Rickert*, 5 id. 187, 190; *Cleves* v. *Willoughby*, 7 Hill, 83; *Mayor of N. Y.* v. *Price*, 5 Sandf. 542; *Colwell* v. *Lawrence*, 38 N. Y. 71; *Renard* v. *Sampson*, 12 id. 561; *Johnson* v. *Oppenheim*, 55 id. 280, 293; *Van Bokkelen* v. *Taylor*, 62 id. 105; *Wilson* v. *Deen*, 74 id. 531, 534, 535, 538; *Chapin* v. *Dobson*, 78 id. 74, 79; *Adams* v. *Wardley*, 1 M. & W. 380.)    The rule is the same in equity as in law.    (*Wilson* v. *Dean*, 74 N. Y. 531, 535.)    The defense was wholly without merit, as it involved a deceptive transaction in fraud of the rights of creditors represented by the plaintiff as receiver.    (*Hoppough* v. *Struble*, 60 N. Y. 430, 435.)    The defendant cannot base an equitable defense upon a confessed fraud or concealment where the parties affected by the fraud or concealment, both as its perpetrators and its victims, are all before the court in the person of their representative trustees.    (*McKewan* v. *Sanderson*, L. R., 20 Eq. Cas. 65, 72; *Jackman* v. *Mitchell*, 13 Ves. 581, 587; *More* v. *Sandford*, 1 Giff. 288, 295; Willard's Eq. Jur. 210; *Williams* v. *Schreiber*, 14 Hun, 38; *Russell* v. *Rogers*, 10 Wend. 473; *Breck* v. *Cole*, 4 Sandf. 79; *Lawrence* v. *Clark*, 36 N. Y. 128; *Harloe* v. *Foster*, 53 id. 385.) Equity

will not permit the defendant to destroy his negotiable written obligation by showing that it was a sham contrived between himself and the insolvents to give a false appearance to the transaction. (*Bolt* v. *Rogers*, 3 Paige, 154, 157; *Gale* v. *Gale*, 19 Barb. 250; 1 Story's Eq. Jur., § 194; *Delamater* v. *Bush*, 63 Barb. 168.) If the defendant had brought his action to cancel the instrument in question, equity would have denied relief on the facts proved, because *melior est conditio defendentis*; but the law will not interfere to protect either party. (*Burrill* v. *M. S. & N. J. R. R. Co.*, 22 N. Y. 285, 304.)

*Luther R. Marsh* for respondent. Evidence may be given by parol to show that a paper in form a note or other contract was intended and delivered to accomplish some other purpose than that which the paper purports by its terms; and that when such a verbal arrangement is made, and a note even given in fulfillment of it, the party making the note has a right, if sued on it, to prove the entire agreement, and show that the note was not intended to be a note. (*Grierson* v. *Mason*, 60 N. Y. 394; 1 Hun, 113; 3 T. & C. 185; 60 N. Y. 394; *De Lavallette* v. *Wendt*, 75 id. 579; *Smith* v. *Rowley*, 34 id. 367; *Slade* v. *Halsted*, 7 Cow. 322; *Benton* v. *Martin*, 52 N. Y. 570, 574; *Bookstaver* v. *Jayne*, 60 id. 146; *Meyer* v. *Lathrop*, 73 id. 315; *Chapin* v. *Dobson*, 78 id. 74; *Seymour* v. *Cowing*, 1 Keyes, 532, 535; *Clever* v. *Kirkham*, 33 L. T. C. P. 672.) The parol evidence established the payment and discharge of the note. (*Lawrence* v. *Fox*, 20 N. Y. 68; *Gurnsey* v. *Rogers*, 47 id. 233–240; *Vrooman* v. *Turner*, 69 id. 280–284.)

DANFORTH, J. The firm of Hoyt, Spragues & Co. was dissolved by the death of one of its members, and on the application of his executors, the plaintiff, on the 30th of June, 1874, was appointed, by the Supreme Court, receiver of its effects. The defendant is the voluntary assignee of the A. & W. Sprague Manufacturing Co., for the benefit of their creditors. The action is to recover $100,000, alleged in the complaint to

have been loaned on the 7th of May, 1874, by Hoyt, Spragues & Co. to the defendant as such assignee, upon his promise to repay the same on demand, with interest.

The defendant by answer denied the allegations on which the claim rests, and by way of affirmative defense, stated that certain outstanding obligations of the Manufacturing Company, on which the firm of Hoyt, Spragues & Co. were also liable to the holders, had been extended by the defendant's notes, indorsed by that firm, upon an agreement that their liability should cease on payment by them of forty per cent of the amount of the notes, and interest. That the money named in the complaint was received by him in pursuance of this agreement, to be paid over to the holders of the notes, in discharge, so far as it would go, of interest which the firm had agreed to pay, and that he so applied it.

Upon the trial the plaintiff put in evidence a written instrument in these words :

" Borrowed and received of Hoyt, Spragues & Co., the sum of $100,000 payable to them or order on demand, with interest at the rate of seven per cent per annum from May 7, 1874.

$100,000.                     " A. & W. SPRAGUE MFG. CO.

" Z. CHAFFEE, *Trustee under their mortgage deed.*"

The defendant then gave evidence tending to prove the matters alleged in his answer, and that it was at the same time agreed between Hoyt, Spragues & Co. and himself that the receipt to be given for the money so advanced should be held by them until July 1, and then returned to the defendant; that the paper upon which the plaintiff relied was the receipt referred to, and was put in that form at the request of Hoyt, Spragues & Co. ; that the money named therein was at its date furnished by the payees in pursuance of the aforesaid agreement, and on account of what they would otherwise be bound to pay July 1, 1874 ; and that it was applied by defendant under this agreement upon their obligations. It was conceded, however, that this arrangement was by parol made " a day or two before the writing was signed," and the plaintiff in

due time objected to proof of it upon the general ground that it was inconsistent with the writing, and at the close of the case he move the court to strike out the evidence of parol negotiations or communications prior to the making of the paper of May 7, 1874, as contradicting the written instrument. The motion was denied and the case submitted to the jury as one proper for their consideration, the trial judge saying:

" If, as between this defendant and Hoyt, Spragues & Co., the fact really was that the $100,000 was not in truth a loan, but was an anticipation of interest, and the defendant received it as such and applied it to the purpose for which it was given to him, and in fact to the purpose to which a similar sum would have had to be applied on the 1st of July—then, in law the defendant would be entitled to your verdict, because it was not the real transaction, not what it appears to be upon the face of the instrument, but was really an advance of money for a special purpose (to which it was duly applied), and was put in the form expressed by the instrument for the reason to which I have referred."

The jury found for the defendant, and upon this appeal the learned counsel for the plaintiff contends that the defense was inadmissible " as resting solely upon a parol agreement prior to the written obligation and inconsistent therewith." Certainly the general rule which excludes evidence of parol negotiations and undertakings, when offered to contradict or substantially vary the legal import of a written agreement, is not to be questioned or disturbed. In this State it has been thought to be so well settled in reason, policy and authority, as not to be a proper subject of discussion. It has full application, however, within very narrow limits. In the first place it applies only in controversies between parties to the instrument (*New Berlin* v. *Norwich*, 10 Johns. 229), and between them is subject to exceptions, upon allegations of fraud, mistake, surprise, or part performance of the verbal agreement. Nor does it deny the party in whose favor that agreement was made, the right of proving its existence by way of defense in an action upon the written instrument, under circumstances which would make

the use of it for any purpose inconsistent with that agreement, dishonest, or fraudulent. (*Martin* v. *Pycroft*, 2 De.G., M. & G. 785, 795 ; *Jervis* v. *Berridge*, L. R., 8 Ch. App. 351.)

A party, sued by his promisee, is always permitted to show a want or failure of consideration for the promise relied upon, and so he may prove by parol that the instrument itself was delivered even to the payee to take effect only on the happening of some future event (*Seymour* v. *Cowing*, 1 Keyes, 532 ; *Benton* v. *Martin*, 52 N. Y. 570 ; *Eastman* v. *Shaw*, 65 id. 522), or that its design and object were different from what its language, if alone considered, would indicate. (*Denton* v. *Peters*, L. R., 5 Q. B. 474 ; *Blossom* v. *Griffin*, 3 Kern. 569 ; *Hutchins* v. *Hebbard*, 34 N. Y. 24 ; *Seymour* v. *Cowing, supra ; Barker* v. *Bradley*, 42 N.Y. 316 ; 1 Am. Rep. 521 ; *Grierson* v. *Mason*, 60 N. Y. 394 ; *De Lavallette* v. *Wendt*, 75 id. 579 ; 31 Am. Rep. 494.) He may also show that the instrument relied upon was executed in part performance only of an entire oral agreement (*Chapin* v. *Dobson*, 78 N. Y. 74 ; 34 Am. Rep. 512), or that the obligation of the instrument has been discharged by the execution of a parol agreement collateral thereto (*Crosman* v. *Fuller*, 17 Pick. 171), or he may set up any agreement in regard to the note which makes its enforcement inequitable.

The case before us comes within the principle upon which those exceptions to the general rule rest, or the limitations which have restrained its application. The apparent obligation incurred by the defendant under the paper put in evidence by the plaintiff, was to pay the sum named upon demand in consideration of so much money then borrowed ; but the evidence disclosed that it was only part of a prior parol arrangement, by the terms of which the payees were to advance money in anticipation upon debts owing by them, and on the defendant's promise that it should be so paid in discharge of those debts, and which also provided for a return of the paper to the defendant when the money was so applied. The note did not constitute the agreement, nor is it set out in the complaint as the foundation of the action. It is evidence of part of the agreement, and when relied upon by one party, the other might

properly show in defense, the whole transaction (1 Greenl. Ev., § 284*a*; *Hutchins* v. *Hebbard*, 34 N. Y. 24; *Hope* v. *Balen*, 58 id. 381; *Jervis* v. *Berridge*, *supra*), and when that was shown, the defense was made out, not by controlling the contract indicated by the writing, but by a collateral agreement with which it was incidentally connected, the execution of which inured as payment of the note in a manner directed by the payees, and upon faith in which the note was given. (*Crossman* v. *Fuller*, *supra*.)

The cases cited by the learned counsel for the appellant in support of his contention (among others, *Hoare* v. *Graham*, 3 Camp. 57; *Moseley* v. *Hanford*, 10 B. & C. 729; *Woodbridge* v. *Spooner*, 3 B. & Ald. 233; *Bank of U. S.* v. *Dun*, 6 Peters, 51; *Erwin* v. *Saunders*, 1 Cow. 249) seem inapplicable to the facts before us, and are not opposed to this decision. Thus in *Hoare* v. *Graham*, the note was payable by its terms in two months. The defendants were payees and indorsers to Grill & Son, through whom plaintiff made title. The defense had two branches: first, that the note had been drawn as collateral security for certain advances made by plaintiff to Grill & Son; second, that the defendants indorsed on condition that it should be renewed when due. The court held the first branch of the defense admissible, but the second not, recognizing a distinction between an agreement collateral to the note, or one showing the purpose of its delivery to be different from the purpose apparent from its terms, and an agreement in contradiction of the terms of the note. This case, therefore, and the others cited, are in harmony with those which recognize a distinction between an agreement for the legal discharge of a contract and one which destroys its original legal effect, either by contradicting its terms or substituting a distinct and independent agreement.

It also appeared that the form of this instrument was adopted at the request of the payees, so that if creditors, other than those benefited by the advance of interest, should make inquiry, they might suppose the transaction was what the paper indicated — a loan, and the learned counsel for the

plaintiff argues that this was fraudulent, as to parties represented by the receiver, and for that reason the defense should be rejected. But the payees, although insolvent, were carrying on business in their own names, and were at liberty to do so according to such methods as they might think most likely to promote success. By the one adopted they undertook no payment to which they were not bound, and in providing beforehand for the discharge of one rather than another obligation, they violated no duty. If a creditor was here who, on the faith of the security apparently afforded by the instrument signed by the defendant, had either sold goods or given credit, or in any way changed his position to his detriment, a different question would arise. No such person is here. Nor was the arrangement in contravention of any bankrupt or insolvent act. The payees were not subjected to either. But, if the contract was against the spirit of those acts, or otherwise contrary to public policy, I do not see that the plaintiff's position would be better than that of the defendant; he stands in the place of the payees. It cannot, however, be said, as matter of law, that any fraud was intended by either, nor was the court asked to submit that question to the jury. If there was ground for it, it was for that body as one of fact, and not for the court as one of law.

We think the judgment should be affirmed.

All concur.

Judgment affirmed.