GEORGE VAN GORDEN, Respondent, *v.* ALLEN B. SACKETT, Appellant.

*Supreme Court, Fourth Department, General Term, July* 20, 1889.

1. *Sale. Memorandum.*—Without a consideration to support the con-tract, a memorandum of sale of personal property is invalid.
2. *Same. Evidence.*—Parol evidence as to the time and manner of pay-ment is not necessarily inconsistent with a memorandum, which con-tains no provision upon this subject.
3. *Same.*—Where, under a contract to deliver a certain amount of produce, it was understood that the vendor, who was only a tenant in common therein, should draw what he had, and receive pay therefor, without reference to the fact whether his co-tenant drew his share, the pur-chaser, after receiving and retaining the vendor's share, is not in a position to assert the entirety of the contract, but is bound to pay for the amount delivered, and may resort to his claim for damages for the non-delivery of the balance.

Appeal from a judgment of the county court affirming a justice's judgment.

The action was to recover the value of 50 71-100 bushels of buckwheat sold and delivered to defendant on 8th No-vember, 1886. It was shown that upon that day the buck-

wheat was delivered by the plaintiff to and received by the defendant, and that its value was forty-five cents a bushel; that the plaintiff demanded pay and defendant refused, claiming that plaintiff had sold him 200 bushels and he would pay when the rest was delivered. The defendant put in evidence the following paper signed by plaintiff:

"WATKINS, N. Y., *November* 4, 1886.

"I agree to deliver to the Seneca Lake Steam Mills, Watkins, N. Y., about 200 bushels of buckwheat at forty-five cents per bushel of 50 lbs. on or about the 15th of November, 1886, quality dry and clean. Sold through Vernon C. Huey.

"GEO. VAN GORDEN."

It appears that defendant was proprietor of Seneca Lake Steam Mills and was running them in 1886, and that Huey was his agent to purchase buckwheat, and made the arrangement with plaintiff in pursuance of which the plaintiff made the delivery.

In testifying to the transaction with Huey the plaintiff said: "I told him I had about 100 bushels to sell. I told him it was partnership buckwheat; my share would be about 100 bushels. He wrote the contract for about 200 bushels. He said the other party could draw in theirs. I told him I didn't think they would draw it; hadn't seen them. I told him there might be a kick about paying for it. He said no, draw in what I had, to tell them that it fell short, and it would be all right, and I would get my money. This was before the contract was signed." The plaintiff delivered all he had except what he saved for his own use.

*O. P. Hurd*, for appellant.

*W. L. Norton*, for respondent.

MERWIN, J.—Assuming that the instrument of November 4th, 1886, was not defective by reason of its failure to

designate the name of the buyer except as it might be inferred from the designation, " Seneca Lake Steam Mills," as the name of the agent Huey, and assuming that the quantity was sufficiently definite for enforcement, still it was not valid without a consideration to support it.

In Justice *v.* Lang (42 N. Y. 493), it was held that the use in such an instrument of the expression, " cash upon such delivery," implied a promise on the part of the party taking it to pay the price when the goods should be delivered, which promise furnished sufficient consideration for the agreement to deliver. In the same case it was afterwards held in the court of appeals (52 N. Y. 323) that it was a question of fact for the jury to determine whether or not there was a promise to receive and pay for the goods.

The present case is not so strong for the buyer as the case cited. For here the words, cash upon delivery, are not in the paper, there is nothing as to the time or manner of payment. So that if we should assume that the justice in finding for the plaintiff found in effect that there was no promise on the part of the defendant to accept and pay, and therefore no consideration for the instrument, it would be questionable whether we ought to disturb such conclusion.

But there is another view of the case. It was competent to show by parol what the consideration was and what obligation was, by the bargain as in fact made, upon the defendant. Chapin *v.* Dobson, 78 N. Y. 74 ; Eighmie *v.* Taylor, 98 Id. 294 ; Juilliard *v.* Chaffee, 92 Id. 535 ; Benjamin on Sales, § 232, 3d ed.

In this view evidence was given from which the justice had the right to find as a part of the bargain that the plaintiff might draw what buckwheat he had and he would have his pay, without reference to whether the party who owned the rest drew his share. This would not necessarily be inconsistent with the writing, but would relate to the time and manner of payment. If such was the bargain, the

defendant, after receiving and keeping the plaintiff's share, would not be in a position to assert the entirety of the contract, but would be bound to pay for what he received, and resort to his claim for damages if the balance was not delivered. No damages are shown.

The judgment should be affirmed.

HARDIN, P. J., concurs.

MARTIN, J.—I concur upon the ground that there was no written contract between the parties, and hence it was competent to show the agreement, under which the buckwheat in question was delivered by parol evidence.