### LIPSKI v. PETH.

*(Supreme Court, General Term, Fifth Department.     June 20, 1890.)*

PAROL EVIDENCE.

In an action for compensation for selling land for defendant, the latter introduced testimony that after the contract of sale was made it was agreed that plaintiff's compensation should be paid when the vendee should pay the balance of the purchase money on the day named in the contract of sale. *Held* that, it appearing that the purchase was not completed on the day named because of an outstanding lease, oral testimony was admissible, as against plaintiff, to show that when the contract of sale was entered into it was understood by both plaintiff and the vendee that the latter was to take his deed subject to the lease.

Appeal from Monroe county court.

Action by Rachel Lipski against Frederick Peth. Judgment was given for plaintiff, and defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Wm. E. Werner,* for appellant.     *H. G. Pierce,* for respondent.

DWIGHT, P. J.     The action was on a special contract for services rendered by the plaintiff in the sale of real estate for the defendant. The contract between the parties to the action was oral. It is undisputed that the plaintiff was employed to make the sale of the house and lot in question at the price of $4,000; that she produced a customer who executed a contract of purchase in duplicate, and paid $100 down. By the contract, which was not dated, but, it seems, was executed on the 20th day of September, 1887, $1,000 was payable May 1, 1888. A mortgage was to be given for $1,500, and the balance was to be paid by the assumption of a prior mortgage on the property. The evidence was conflicting as to the amount of compensation to be paid to the plaintiff for procuring a purchaser, but the evidence on the part of the plaintiff amply sustained the verdict of the jury in that respect. There was also a conflict of evidence as to the time when compensation should be payable; the evidence on the part of the plaintiff tending to show that her commission of 2½ per cent., or $100, was earned whenever she produced a purchaser who was accepted by the defendant, while that on the part of the defendant tended to show that the compensation of $50 was not payable until the customer should complete the purchase on the 1st day of May, 1888, by paying the balance of the $1,000, and giving the mortgage for $1,500. Here, then, was a material question of fact for the jury which, if it should be determined in favor of the defendant, must defeat the plaintiff's action,—since it appeared that the purchase was never completed,—unless it also appeared that the non-performance on the part of the purchaser was excused by the refusal or inability of the defendant to perform on his part. And this brings us to an important question in the case, which was raised by various exceptions to rulings of the court upon the admission of evidence and to the charge of the court to the jury. It will be observed that the contract of purchase was silent as to the time when possession of the property should be given to the purchaser, and the evidence tended to show that the purchase was not completed on the 1st day of May because the defendant was unable to give possession on that day, by reason of an outstanding lease of the premises for two years from that date. It was in view of this evidence that the defendant offered to prove, by at least two witnesses, that at the time the contract of purchase was entered into, and before, according to the testimony

of the defendant, the agreement was made with the plaintiff as to the amount and time of payment of her compensation, the defendant communicated to both the plaintiff and the proposed purchaser the fact of such lease, and that it was understood by both that the purchaser should take his deed subject to the lease, and that he was not to have possession of the property until the expiration of the term mentioned. This evidence was objected to, and the objection sustained, on the ground that its effect was to vary the terms of a written instrument. We think this ruling was erroneous, and that the evidence offered was both material and competent as against the plaintiff. It is not necessary now to decide whether it would have been admissible as against a purchaser in an action for specific performance of the contract or for recovery of the money agreed to be paid on the 1st day of May; and, since it appears by the evidence in this case that an action is pending between the parties to the contract, we shall not unnecessarily anticipate any question which may arise in that case; but, as between the defendant and the plaintiff here, who was not a party to the written contract, the rule upon which the objection was founded does not apply. *New Berlin* v. *Norwich*, 10 Johns. 229; *Juilliard* v. *Chaffee*, 92 N. Y. 534. As we have seen, according to the testimony on the part of the defendant, there was no special contract fixing the amount and time of payment for the plaintiff's services, until after the contract of purchase was entered into; and then the time of payment of such compensation was made to depend upon the completion of the purchase, and the payment by the purchaser of the balance of the $1,000 on the day named. If that was true, the agreement between the plaintiff and the defendant must be supposed to have been made in view of the actual terms of the contract between the purchaser and the defendant, as understood by the plaintiff as well as the parties to the contract, whether fully evidenced by the writing or not. And so, the $1,000 never having been paid, it became a material question in this action, upon the defendant's version of his agreement with the plaintiff, whether the defendant was chargeable with default in the performance of the contract of purchase as actually made, to the knowledge of the plaintiff. For the error indicated we think the judgment and order appealed from must be reversed, and a new trial granted. Judgment and order appealed from reversed, and a new trial granted in the county court, with costs to abide the event. All concur.