(31 Misc. Rep. 408.)

### WHITE v. WAGNER et al.

(Supreme Court, Special Term, New York County. May, 1900.)

MORTGAGES — POSSESSION OF MORTGAGEE — COLLECTION OF RENT — POWER COUPLED WITH AN INTEREST—DEATH OF MORTGAGOR.

Where a mortgage empowered the trustee to collect the rents and profits of the mortgaged premises, and to apply the same to interest on prior mortgages and taxes, and to take charge of the property, and the tenants paid the rents to the trustee from the death of the mortgagor until it was taken under the foreclosure of a prior mortgage, the executrix of the mortgagor was not entitled to such rents, since the trustee's power was coupled with an interest in the property, which was not severed by the death of the mortgagor.

Action by Alfred L. White, as trustee, against Catherine F. Wagner, executrix, and others, to determine the right to the net rents and profits of certain mortgaged premises. Judgment for plaintiff.

Freling H. Smith (H. W. Simpson, of counsel), for plaintiff.
Sidney H. Stuart, for defendant executrix.

RUSSELL, J. The controversy between the plaintiff, as trustee for special creditors of Albert Wagner, now deceased, and the executrix, Catherine Wagner, as to which shall have the net rents and profits of the mortgaged premises, accruing and collected by the plaintiff since the death of Albert Wagner, is solved by the determination of the extent of the rights of the plaintiff as mortgagee in possession, with power to collect rents and profits, and apply them to the liquidation of the claims he holds as trustee. On the 9th day of June, 1898, Albert Wagner executed to the plaintiff, as trustee for creditors, whose claims amounted to $18,500, his bond covenanting to pay such sum on the 9th day of June, 1899, with 6 per cent. interest, and secured the bond by a mortgage on premises No. 330 East Seventeenth street, with this clause contained in such mortgage: "The said trustee is further empowered to collect the rents and profits of said premises, and apply the same to the payment of the interest on prior mortgages and taxes, and take charge of said property." The premises were occupied by various tenants, who paid the amount of the rents to the plaintiff, as trustee, up to the time when the purchaser under foreclosure of a prior mortgage took possession. This sale realized nothing to the plaintiff's mortgage, evidencing that his mortgage furnished wholly inade-

quate security for the payment of the sum going to the plaintiff. On the 24th of August, 1898, Albert Wagner died, and his executrix claims the net rents and profits collected since his death on the ground that the power to collect those rents and profits ceased at the death of the mortgagor, and became the property of the estate, to be distributed to the general creditors.

Before the Revised Statutes of 1830, the mortgagee was, at common law, the owner of the real estate mortgaged, subject to defeasance of title on payment. The right of possession and leasing followed the ownership, but in equity, even under the old rule, the right of redemption continued even after default; and by the change in our Revised Statutes in 1830 the legal title and possession remains in the mortgagor until the foreclosure, subject to the equitable power of the courts to protect the mortgagee by a receivership in case of inadequate security or waste. Waring v. Smyth, 2 Barb. Ch. 119; Trimm v. Marsh, 54 N. Y. 599; Argall v. Pitts, 78 N. Y. 239. Yet possession conceded by the mortgagor to the mortgagee may still be consistently retained to satisfy the mortgage debt until that purpose is accomplished. Kortright v. Cady, 21 N. Y. 365, Comstock, C. J. The mortgagor cannot maintain ejectment against the mortgagee in possession, even when the mortgagee has received rents and profits sufficient to satisfy the mortgage, because such receipt is not a legal satisfaction of the mortgage; and the mortgagor must resort to an accounting in equity to have the receipts so applied. Until they are applied in satisfaction by judgment of the court, the character of the mortgagee as mortgagee in possession is not devested. Hubbell v. Moulson, 53 N. Y. 225. Inferentially, therefore, when the mortgagor, Albert Wagner, as a part of the agreement upon which the bond and mortgage were delivered, placed the mortgagee in the only kind of possession which, in the contemplation of the parties, the premises rented to various tenants, and designed for such continuing purpose, could be held by such mortgagee, for the purpose of liquidating the debt owing by the mortgagor, and in the mortgage itself empowered the mortgagee to take charge of the premises and collect the rents and profits for such purpose, the object of such possession was not accomplished, by any event, until such payment was fully completed. The right of charge and collection was a part of the scheme for payment of the debt, and of equal force and validity to the lien on the title itself. There is nothing to dissever the purpose as to possession from that of the security of the lien, both being grouped to reach the contemplated end of payment, and each assisting for that purpose. Again, while a naked power to collect moneys expires with the death of the grantor of the power, yet, where that power is coupled with an interest in the mortgagee, it survives the life of the mortgagor until accomplishment. Hunt v. Rousmanier's Adm'rs, 8 Wheat. 174, 5 L. Ed. 589. There has been much written about the distinction between the right to collect, given to one who had no other interest in the realty, and the duration of a power granted to a person receiving some interest in the estate which was the subject of the power. The courts of this state have recognized

the true rule to be that, where the possession of the property is given to the one who receives the power for protection and indemnity, such agent has a power coupled with an interest which survives the death of the owner. Knapp v. Alvord, 10 Paige, 205. Hence the court of appeals decided that a power to collect money on a canal contract to indemnify an indorser continued after the death of the person owning the contract. Hutchins v. Hebbard, 34 N. Y. 24. Powers to do acts affecting real or personal property, auxiliary to mortgages, are coupled with an interest, and are not revocable by the grantor or revoked by his death. Terwilliger v. Railroad Co., 149 N. Y. 94, 43 N. E. 432, Andrews, C. J. It is true that mere commissions on rents do not continue the authority of the agent to collect after the death of the owner, for in such case there is no contemplation that the authority requires continued exercise after the property has passed away from the principal. Trust Co. v. Wilson, 139 N. Y. 284, 34 N. E. 784. But that is a simple agency, co-extensive only with the life of the owner as to property in which the agent has no possible interest. I am therefore of the opinion that this power to the plaintiff was coupled with an interest in the property and its possession, so that on this ground also, as well as that of possession, the right of the plaintiff to collect rents was not terminated by the death of the mortgagor. The balance in his hands, therefore, as exhibited by his account, which is not contested, will be applied to the payment of the obligations of those he represents as trustee, after deducting the plaintiff's costs of this action, payable out of the fund. As I understand that account, the trustee's commissions have already been deducted. I cannot award a personal judgment for the amount of the bond, for such a demand is not contained in the prayer of the complaint, and is not covered by a general request for relief. Nor do I see the utility of such a judgment, for it will not place the plaintiff in any better position than the other creditors, who are entitled to share proportionately with him in the avails of the property of the deceased, except so far as his collection of rents under the security of the mortgage gives him the preference.

Ordered accordingly.