ATLANTIC MORTGAGE CORPORATION, Appellant, v. THE KRAMER CONTRACTING COMPANY, Respondent, Impleaded with MAX J. KRAMER and Others, Defendants.

First Department, November 4, 1927.

Mortgages — foreclosure — mortgage given to cover future advances — evidence shows that money was advanced under building loan agreements to protect plaintiff's rights thereunder — no advances were made under mortgage — evidence admissible to show that mortgage was given as security that money advanced would be paid to subcontractors under building loan agreements — not error to refuse to admit evidence that cost of completing buildings was in excess of contract — amount due plaintiff for payments under prior mortgages is lien.

This is an action to foreclose a mortgage to cover future advances. The evidence shows that money was advanced by the plaintiff to the respondent under prior building loan agreements and was so advanced for the purpose of protecting plaintiff's rights under those agreements and not in compliance with the mortgage in question. This fact is established by proof that the plaintiff, in order to insure the payment by respondent to subcontractors of money advanced, made an arrangement whereby payments were made directly to the subcontractors through the respondent for the purpose of preventing the respondent from applying moneys so advanced under the building loan agreements to the payment of outside contracts.

It was proper to admit in evidence testimony that it was not the intention that any money should be advanced under the mortgage in question but that the mortgage was given solely as security that the defendant would apply the moneys received by it under the building loan agreements to the payment of subcontractors and would not divert the same to the payment of debts contracted on other buildings not subject to the building loan agreements. This evidence was not a variance of the contract as written but merely showed that the moneys to be advanced were not for the benefit of the respondent but were to be applied by the respondent in accordance with the oral agreement of which the writing was a part.

It was not error for the court to refuse to permit one of the plaintiff's witnesses to testify that the cost of completing a certain building was in excess of the amount for which the defendant was under contract, for the evidence was excluded on the ground that the question called for a conclusion of the witness. But even if the evidence had been admitted there was still lacking proof that the plaintiff made advances to the defendant under the mortgage in question.

The judgment dismissing the complaint is modified to the extent of providing . that any amount found due to the plaintiff from. the respondent for payment made by the plaintiff on account of prior mortgages on the property shall be a lien upon the premises as of the time of the advances, subject only to prior liens.

APPEAL by the plaintiff, Atlantic Mortgage Corporation, from an interlocutory judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 6th day of July, 1926, upon the decision of the court rendered after a trial at the New York Special Term.

The judgment dismissed the complaint upon the merits and directed an accounting before a referee of rents, issues and profits.

*Spotswood D. Bowers* of counsel [*Stewart W. Bowers* with him on the brief; *Laughlin, Gerard, Bowers & Halpin*, attorneys], for the appellant.

*Eugene D. Boyer* of counsel [*Charles Strauss* with him on the brief; *Strauss, Reich & Boyer*, attorneys], for the respondent.

FINCH, J. This is an action for the foreclosure of a mortgage given to cover future advance not exceeding $50,000 on real property owned by the defendant, respondent. The substantial question in the case is a question of fact, namely, whether the plaintiff has proven an advance under the mortgage. A reading of this record discloses that not only was there sufficient evidence to sustain the finding of the court at Special Term in holding that the plaintiff had not proven any advance under the mortgage, but, on the other hand, the evidence preponderates in favor of such a holding. The plaintiff does not attempt to prove any specific advance under the mortgage, but relies upon an inference only by attempting to show that it advanced more than was required pursuant to certain building loan agreements. Only one witness was called by the plaintiff, namely, a former president of the plaintiff. The testimony of this witness was clear and precise that not one dollar was advanced to the defendant for its benefit but that, on the contrary, all the money advanced was used pursuant to the building loan agreements and to protect the rights of the plaintiff thereunder. In brief, the plaintiff obligated itself to advance to two corporations certain amounts under building loan agreements. The defendant, respondent, was employed as a contractor by these corporations which owned the land and were putting up the buildings. The defendant, respondent, has also contracted to build for other persons not connected with this litigation. The plaintiff was informed that the defendant, respondent, was having trouble in obtaining money with which to pay its subcontractors upon this

outside work. In consequence, the plaintiff grew fearful lest some of the money which it was advancing under its building loan agreements would be diverted by the defendant, respondent, from paying the subcontractors under the plaintiff's building loan agreements to the payment of the contractors on the outside work. Accordingly, the plaintiff adopted a plan by which the money to be paid pursuant to the building loan agreements would be paid through the defendant, respondent, directly to the subcontractors of the defendant, respondent. From the fact that the plaintiff has proven payments of upwards of $80,000 in excess of the amounts required by the building loan agreements, and that these moneys were paid to the defendant, respondent, for the subcontractors of the defendant, respondent, the plaintiff seeks to deduce the inference that thereby the money was advanced to the defendant, respondent, under the mortgage. The testimony of the witness, however, as already noted, is directly contrary to this inference. The witness testified, to which no objection or exception was taken, as follows: " Q. In other words, the Kramer Contracting Company was not indebted to the Atlantic Mortgage Company prior to January 20th, 1913, for a single dollar; you have already testified to that? A. Yes. Q. And that on the date of the very last check which has been put in evidence here, it is likewise true that the Kramer Contracting Company was not indebted to the Atlantic Mortgage Corporation for a single dollar? A. Yes; that is true." The inference itself, moreover, is competely negatived by the facts above set forth showing the real reason for the payment directly to the subcontractors rather than to the defendant owners to be by them paid to the subcontractors, namely, to secure the payment of these moneys to the subcontractors upon the buildings pursuant to the building loan agreements. Other facts and circumstances in the record are not of sufficient importance to militate against the conclusions forced by the above facts. It, therefore, follows that the finding of the court at Special Term that the plaintiff had not proven any advance under this mortgage, cannot be set aside as against the weight of the evidence.

A question of law arose in connection with the admission of evidence. The mortgage of the plaintiff was created in manner following: A deed was given by the defendant, respondent, to the plaintiff, which deed was recorded as a mortgage. There was also given by the plaintiff to the defendant, respondent, a defeasance agreement reciting that the deed was held for the purpose of securing not exceeding $50,000 to be advanced in the future. The defendant, respondent, pleaded and sought to show that there never was any intention of the parties that any money should be advanced to it

under this mortgage, but that the same was given solely as security that the defendant, respondent, would apply the moneys received by it, pursuant to the building loan agreements, to the payment of the subcontractors upon these buildings and would not divert the same to the payment of subcontractors upon buildings being erected for outside parties. The plaintiff insists that it was error to receive this evidence showing the true relation of the parties, because it tended to vary the instrument as written. Disregarding the fact that the plaintiff itself opened the door by asking for the circumstances under which the mortgage was made, the evidence was not a variance of the contract as written, but merely showed that the moneys to be advanced were not for the benefit of the defendant, respondent, but to be applied by it in accordance with an oral agreement of which the writing was a part. The testimony, therefore, was properly admitted. (*Juilliard* v. *Chaffee*, 92 N. Y. 529.)

It is further contended by the appellant that there was reversible error in the refusal of the court to permit the plaintiff's witness Hartcorn to testify that the cost of completing a certain building was in excess of the amount for which the defendant, respondent, was under contract to complete the same, and which amount the plaintiff had agreed to advance on behalf of the owner. It does not appear, however, that the court refused to permit evidence of the fact. The court sustained an objection to a question as calling for a conclusion of the witness. The plaintiff did not except to this ruling but apparently acquiesced therein. But even if the plaintiff had shown that the cost of completing the building in question exceeded the contract price, there still would have been lacking proof that the plaintiff made advances to the defendant under its contract to build for the amount in question and not to protect the amounts advanced under the building loan agreements.

In one respect, however, the judgment must be modified in accordance with the contentions of the appellant, namely, by providing that any amount found due to the plaintiff from the defendant the Kramer Contracting Company for payment made by plaintiff on account of prior mortgages on the property shall be a lien upon the premises as of the time of the advances, subject only to prior liens, if any. As thus modified, the judgment should be affirmed, without costs.

DOWLING, P. J., McAVOY, MARTIN and O'MALLEY, JJ., concur.

Judgment modified as indicated in opinion and as so modified affirmed, without costs. Settle order on notice.