JOHN H. ARNOLD et al., Exrs., etc., Appellants, *v.* CHARLES H. NICHOLS, impleaded, etc., Respondent.

Where one engaged in business enters into a copartnership with another for the purpose of continuing the business, and transfers its assets to the firm in consideration of an agreement of the firm to assume and pay certain specified debts incurred in the business, and to apply the assets first to the payment of said debts, the agreement is to be deemed as made for the benefit of the creditors holding the claims specified, and an action may be maintained by such a creditor against the firm upon such agreement.

*Merrill* v. *Green* (55 N. Y., 270) distinguished.

An allegation in such an action, in the answer of the partner, that he was induced to enter into the agreement by the fraud of the original debtor in the absence of allegations that he has rescinded the agreement on account of the fraud, or has sustained damages by reason thereof, does not authorize evidence of the fraud upon the trial.

(Argued January 24, 1876; decided February 1, 1876.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department reversing a judgment in favor of plaintiff, entered upon a verdict, and granting a new trial.

This action was brought against the defendants as members of the firm of J. W. Bowen & Co. to recover an indebtedness of said Bowen to plaintiff's testator, which, as alleged in the complaint, the said firm had assumed and agreed to pay in consideration of the transfer to the firm by said Bowen of the property and assets of his business.

The facts are set forth sufficiently in the opinion.

*Benj. K. Phelps* for the appellants. Plaintiffs had a right of action. (20 N. Y., 268 ; 37 id., 575 ; 24 id., 178, 180.) The offer of defendant to prove that he was induced through fraud to enter into the partnership was properly ruled out. (*Minturn* v. *Main,* 7 N. Y., 227 ; *McKnight* v. *Dunlap,* 5 id., 537 ; *Bowman* v. *Teal,* 23 Wend., 309.)

*Wm. Howard Wait* for the respondent. The court erred in excluding evidence of fraud on the part of Bowen in inducing defendant to enter into the partnership. '(Broom's Leg. Max., 226, 702 ; *Van Duzer* v. *Howe,* 21 N. Y., 531 ; *Mc Williams* v. *Mason,* 31 id., 294 ; *Coleman* v. *Bean,* 1 Abb. [Ct. App. Dec.], 394 ; 3 Keyes, 94 ; *Merrill* v. *Green,* 55 N. Y., 270 ; *Durand* v. *Curtis,* 57 id., 7.)

EARL, J. For some years prior to the 15th day of August, 1867, the defendant Bowen had been engaged in the city of New York in the business of importing and dealing in fancy goods, and on that day the plaintiff's testator, Hinman, loaned to him to be used in his business the sum of $2,000. Bowen continued in business alone until January, 1868, when he formed a copartnership with the defendant Nichols, and Bowen and Nichols, under the firm name of J. M. Bowen & Co., continued to carry on the business until May, 1869, when they dissolved. At the time of the formation of the copartnership, the evidence tends to show, and we must assume that the jury found, that Bowen transferred his business assets to the firm of J. M. Bowen & Co., and that in consideration thereof, the firm assumed and agreed to pay certain specified debts of Bowen, among which was Hinman's debt for the money loaned as above stated. It was expected at the time that the assets would exceed the debts assumed by the firm by at least $30,000; and this excess of $30,000 was to be credited to Bowen on the books of the firm as his share of capital to be contributed. The assets were not as large as expected, but were shown to be more than sufficient to pay all the debts assumed. They were first to be used to pay the

debts, and the balance whatever it might be, was to be credited to Bowen.

Bowen transferred to the firm the assets to which his creditors had the right to look for the payment of their claims, and hence the promise of the firm to pay such claims must be deemed to have been made for their benefit. It was not made to exonerate Bowen from the payment of his debts, and not primarily nor directly for his benefit, as his property was to be taken to pay the debts, and he was still to remain liable as one of the principals to pay them. This case is, therefore, unlike the case of *Merrill* v. *Green* (55 N. Y., 270), and the action is maintainable upon the principles laid down in the case of *Lawrence* v. *Fox* (20 N. Y., 268), and also recognized in *Burr* v. *Beers* (24 N. Y., 178), *Thorp* v. *Keokuk Coal Company* (48 N. Y., 253), and *Claflin* v. *Ostrom*, (54 N. Y., 581). Hinman had the right to adopt the promise made expressly for his benefit.

The defendant Nichols alleged in his answer that he was induced to enter into the alleged agreement by the fraud of Bowen, but he did not allege that he had rescinded the agreement on that account, or that he had ever suffered any damage on account thereof. Upon the trial he offered to prove that he was induced to enter into the agreement by fraud, and the court excluded the evidence. This ruling was right. When Nichols discovered that he had been defrauded into making the agreement, he could have repudiated the agreement on that ground, given up his interest in the assets transferred to the firm and placed them again in the hands of Bowen. A creditor could not adopt the agreement which Bowen had made for his benefit, without taking it subject to any infirmity which attached to it, and subject to any assault which Nichols could make upon its validity. But Nichols could not retain the fruits of the agreement and refuse on account of fraud to bear its burdens. Again, fraud could, in no aspect of the case, furnish a total or partial defence to the action, as the firm had more than sufficient assets transferred to it by Bowen, to pay all the debts assumed. Hence there

was no fraud affecting Hinman's claim or his right of recovery.

The charge of the judge at the trial was free from any just criticism. It was, that if the jury found that there was an agreement between Bowen and Nichols in entering into copartnership, that J. M. Bowen & Co., the new firm, should take the business assets of Bowen, and in consideration thereof pay the specified liabilities of Bowen, the plaintiffs were entitled to recover, and that if they found there was not such an agreement, they were not entitled to recover. This charge fairly covered the law of the case.

We have considered the other exceptions to which our attention was called upon the argument, and they are so clearly without foundation as to require no particular notice.

The order of the General Term must be reversed, and the judgment entered upon the verdict affirmed, with costs.

All concur.

Order reversed and judgment accordingly.