ROBERT C. MELVAIN, as Executor and Trustee, etc., of THOMAS F. GUION, Deceased, Respondent, v. BENJAMIN TOMES, Appellant.

*Promise of one for benefit of a third person—when it may be enforced by the latter.*

A firm, composed of the defendant and the plaintiff, borrowed of the plaintiff as executor and trustee of the estate of one Guion, $30,000. Subsequently the firm was dissolved; defendant, in pursuance of an agreement, taking all the assets, and agreeing to pay all the debts including that due to the said estate. In an action against defendant by the plaintiff as executor and trustee, as aforesaid, to recover the same, *held*, that the promise of the defendant enured to the benefit of the estate of Guion, and that it could be enforced by the plaintiff.

*Arnold* v. *Nichols* (64 N. Y., 117), followed.

*Held* further, that it was not necessary to make the plaintiff, individually, a party defendant.

APPEAL from an order c . 3rruling a demurrer to the complaint herein, and also from the judgment rendered in this action in favor of the plaintiff.

*George H. Foster*, for appellant.    Until the partners have given their individual security to the creditor, there is no severance, but the demand of the plaintiff is against both partners jointly, and not otherwise.    (*Le Baye* v. *McCrea*, 1 Wend., 171–2.)    If one partner, upon dissolution of the firm, takes the assets, and agrees to indemnify the other partner against the debts, while the other partner may, in equity, insist upon the application of the firm property to the firm debts, yet creditors cannot claim this, as they have no specific lien on partnership property.    The rule which appropriates it to payment of firm debts in preference to those of individual partners, is for the protection of partners, not for the benefit of creditors.    (*Robb* v. *Stevens*, Clam., 191; *Ketcham* v. *Durkee*, 1 Barb. Ch., 480; *Kirby* v. *Schoonmaker*, 3 id., 46; *Sage* v. *Chollar*, 21 id., 596; *Field* v. *Chapman*, 15 Abb., 443; *Field* v. *Hunt*, 24 How., 563.)    Both partners must be defendants, if Tomes takes the objection at the proper time.    (*Field* v. *Chapman*, 15 Abb., 434; *Lewis* v. *Greider*, 49 Barb., 606; 51 N. Y., 231; *Isham* v. *Phelps*, 54 N. Y., 673.)    The fact that Melvain is a party in a representative capacity does not preclude or excuse his joinder in his individual capacity.    (*Day* v. *Stone*, 15 Abb. [N. S.], 137.)    The principles established in *Lawrence* v. *Fox* (20 N. Y., 268), on which the court below relied, do not justify the claim against Tomes alone.    (*Davis* v. *Morris*, [opinion of Grover, J.], 36 N. Y., 575, 576; *Kelley* v. *Roberts*, 40 id., 432; *Ætna Nat. Bank* v. *Fourth Nat. Bank*, 46 id., 92; *Merrill* v. *Green*, 55 id., 270; 55 id., 270, 273 [opinion of the court, Grover, J.], c. f. *Durand* v. *Curtis*, 57 id., 7.)

*B. F. Dunning*, for respondent.

Ingalls, J. :

The partnership firm of Tomes, Melvain & Co., composed of Benjamin Tomes, the defendant, and the plaintiff, Robert C. Melvain, individually, borrowed of the plaintiff as the executor and

trustee of and under the last will and testament of Thomas F. Guion, deceased, thirty thousand dollars, of which seven thousand dollars have been repaid by said firm. It is alleged in the complaint, " that on the first of May, 1874, the said partnership was dissolved by mutual consent, and the goods, wares and merchandise and assets of the said firm were, by and with the consent of Robert C. Melvain, retained by said Benjamin Tomes, who in consideration thereof assumed and agreed to pay all the debts of the said firm, including the amount hereinbefore alleged to have been due from the said firm, to the said estate of Thomas F. Guion, deceased, of which the plaintiff is executor and trustee." The plaintiff alleges a demand of the money and a refusal by the defendant to pay the same. Thus it appears that upon the dissolution of the partnership the defendant purchased the property thereof, and assumed and agreed to pay the debts including the one in question.

We cannot doubt the plaintiff's right to recover. The case of *Arnold* v. *Nichols* (64 N. Y., 117), and the cases therein cited fully establish such right. The defendant upon an adequate consideration agreed to pay the debt in question, and nothing is alleged which at law or in equity excuses the defendant from performing his agreement. This agreement inured to the benefit of the estate of Thomas F. Guion, which is represented by the plaintiff. It was not necessary to make Robert C. Melvain a defendant in the action, as Tomes became individually liable upon his promise, and occupies no situation whereby he can compel Melvain to contribute even between himself and the latter, much less between himself and the estate which is a creditor.

The judgment must be affirmed with costs.

DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed with costs.