WILLIAM W. BROWN, RESPONDENT, v. HUGH M. CURRAN AND OTHERS, APPELLANTS.

*Promise to pay third person — by whom it may be enforced.*

The firm of L. Richards & Co. sold all their stock of goods, inventoried at $6,000, to the defendants, who, in consideration thereof, agreed, at their own proper cost and expense, to settle, satisfy and pay all debts against the said firm mentioned in a certain schedule marked B, on such terms and conditions as they might be able to agree upon with the creditors mentioned in said schedule, and to save said firm harmless from any and all of said creditors.

The schedule described a debt, "Rice, Goodwin, Walker & Co., $1,007.21," for which the said firm had previously given its promissory notes, which the payees thereof had caused to be discounted at the National Park Bank before the agreement had been made, and which, subsequently and after the date of the agreement made by the defendants, were transferred to the plaintiff. In this action, brought by him to recover the amount thereof, *held*, that the promise of the defendants to settle and pay the debts was an absolute and unconditional one, and that the words "on such terms and conditions as they might be able to agree" with the said creditors did not in any way change or qualify their obligation.

*Held*, further, that the promise was not limited to the creditors named in the schedules, but could be enforced by a subsequent purchaser of any of the debts therein mentioned.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

January 13, 1875, and for some time previous thereto, defendants were copartners, engaged in business as merchants at 447 Broadway, New York, and L. Richards & Co., were a firm engaged in business as merchants at Norwich, N. Y. On that day an agreement, in writing, was entered into between said firms, by which defendants agreed, at their own proper cost and expense, to "settle, satisfy and pay all the debts against said party of the

first part (L. Richards & Co.), mentioned in a certain schedule marked B. attached, on such terms and conditions as they may be able to agree with said creditors mentioned in said schedule B., and to save the said party of the first part harmless from any and all of said creditors." The consideration of said agreement being the sale and delivery, to defendants, of L. Richards & Co's stock of goods inventoried at $6,013.13.

Previous to the making of that agreement L. Richards. & Co. had made and delivered to Rice, Goodwin, Walker & Co., their two promissory notes for the debt described in said schedule as " Rice, Goodwin, Walker & Co., $1,007.21," and the National Park Bank had discounted said notes for Rice, Goodwin, Walker & Co., in the regular course of business before they became due, and said bank was the owner of the notes at the time said agreement was executed.

The defendants having failed to pay said notes representing said debt the plaintiff purchased them of the National Park Bank and thereafter, in March, 1876, commenced this action to enforce payment thereof in accordance with defendants' agreement.

*Amos G. Hall,* for the appellants.

*Albert P. Gladding,* for the respondent. The defendants having for a valuable consideration, to wit: the sale and delivery to them of L. Richards & Co's stock of goods promised to pay certain debts of L. Richards & Co., the creditors can maintain an action directly against defendants to enforce such promise. (*Lawrence* v. *Fox,* 20 N. Y., 268; *Glen* v. *Hope Mutual Life Ins. Co.,* 56 id., 379; *Clafflin* v. *Ostrom,* 54 id., 581; *Hall* v. *Roberts,* 61 Barb., 33; *Cone* v. *Niagara Fire Ins. Co.,* 3 N. Y. S. C. [T. & C.], 33; *Thorp* v. *Keokuk Coal Co.,* 48 N. Y., 253; *Garnsey* v. *Rogers,* 47 id., 233; *Turk* v. *Ridge,* 41 id., 201; *Ricard* v. *Sanderson,* 41 id., 179; *Freeman* v. *Auld,* 44 id., 55; *Hutchins* v. *Miner,* 46 id., 456; *Cooley* v. *Howe Machine Co.,* 53 id., 620; *Merrill* v. *Greene,* 55 id., 270; *Cox* v. *Weller,* 6 N. Y. S. C. R. [T. & C.], 309; *Barlow* v. *Myers,* 64 N. Y., 41; *Arnold* v. *Nichols,* id., 117; Pomeroy's Remedies and Remedial Rights, 166–167, 13 A. L. J., 362.)

BOOKES, J.:

The firm of L. Richards & Co. sold and delivered to the defendants goods, wares and merchandise inventoried at a trifle over $6,000, in consideration of which sale and transfer the defendants promised " at their own proper costs and expense to settle, satisfy and pay all debts against the said firm of L. Richards & Co. mentioned in a certain schedule marked B * * on such terms and conditions as they might be able to agree (upon) with said creditors mentioned in said schedule;" and to save said firm " harmless from any and all of said creditors." This promise on the part of the defendants was on valid consideration, and was binding on them, and the creditors of the firm of L. Richards & Co. whose debts were specified in the schedule might maintain an action directly against them for its enforcement. It is the settled rule that if one person, on valid consideration, make a promise to another for the benefit of a third person, such third person may maintain an action upon the promise. (*Lawrence* v. *Fox*, 20 N. Y., 268; *Arnold* v. *Nichols*, 64 N. Y., 117, and cases there cited.) The debts or claims in suit were mentioned in schedule B referred to, they were therefore within the purview of the defendants' promise. So the referee properly awarded judgment against the defendants therefor.

The defendants insist, however, that the promise was conditional, and not binding on them unless they were able to make terms with the creditors holding the debts; and that as to the debts in suit they were unable to do so. We are of the opinion that the agreement will not admit of this construction. The promise is very specific, " to settle, satisfy and pay " the debts. The clause following, " on such terms and conditions as they might be able to agree upon with the creditors holding the debts or claims," in no way changes or qualifies their obligation. The right and privilege of obtaining terms of settlement with the holders of the claims would remain to them, whether expressed or omitted in the agreement. Undoubtedly the defendants expected to obtain terms better than full payment of the debts. But their promise " to settle, satisfy and pay " the debts remained intact. The referee gave, as we think, the proper legal construction to the agreement in this respect.

It is also insisted that the promise was limited to the creditors *named* in the schedule; and that the debts in suit did not belong to any creditor, party or parties, named therein, hence that those debts did not and do not come within the purview of the promise. The answer to this objection is, that the promise embraced or had application to the debts *mentioned* in the schedule—to those debts there described. It was the debts there mentioned, not the persons there named as creditors, that were to be paid according to the agreement. In this lies the distinction between the case in hand and *Barlow* v. *Myers* (64 N. Y., 41), in so far as it is important to mark a difference between the cases. There can be no question but that the debts in suit were mentioned (described) in the schedule. This objection to the recovery we also think untenable. The exceptions to the rulings of the referee on questions of evidence are quite unimportant in the view here taken of the case. If we have rightly construed the agreement, and have given no undue effect to the defendant's promise, the rulings on questions of evidence have worked no possible injury to the defendants.

The judgment must be affirmed with costs.

LEARNED, P. J., and OSBORN, J., concurred.

Judgment affirmed with costs.