ESTHER A. MERRITT, APPELLANT, *v.* MARTIN MERRITT,
RESPONDENT.

*Ante-nuptial agreement for support — substitution of a bond — its condition — the
action on the bond is at law — evidence.*

Esther A. Merritt, in 1869, entered into an ante-nuptial contract with Martin F.
Merritt, who subsequently became her husband, to release all claims to his
property, in consideration of receiving her support, which should be a lien upon
his property. In 1883 the husband conveyed certain property to his son, who
in return gave his father a bond to contribute to his mother's support his proper
share, proportioned to the amount of property which he received from his father.
Other transfers were made by the father to his other children, who executed·
similar bonds.

After the death of the husband Esther A. Merritt began an action to recover
from the son a definite sum, which she alleged was his *pro rata* share of her
support since her husband's death.

*Held*, that, so far as the plaintiff was concerned, the bonds were substituted for the
lien which she had under the ante-nuptial agreement, and that she had a right
to enforce the conditions in them intended for her benefit.

That it was an error to exclude from the evidence the several bonds taken by the
husband from his several children, as the bonds and proof of the property
received by each child would show the *pro rata* share to be contributed by each.

APPEAL by the plaintiff Esther A. Merritt from a judgment of
the Sullivan County Court, entered in the office of the clerk of that
county on the 11th day of July, 1891, dismissing the complaint
in the above-entitled action, with costs, after a trial in said court
before the court and a jury, at which the court directed that the
complaint be dismissed, with costs.

*George H. Smith*, for the appellant.

*T. F. Bush*, for the respondent.

HERRICK, J.:

This action was brought in the County Court upon the following
state of facts: On the 8th day of May, 1869, the plaintiff, whose
maiden name was Esther A. Gillet, entered into an ante-nuptial
contract with Martin F. Merritt, the defendant's father, by which
in case of their inter-marriage the plaintiff agreed to release all her

claim to dower or third interest in the property of said Martin F. Merritt, both real and personal; and in consideration thereof the plaintiff was to receive her support during life in case she survived him, such support to be a charge and lien upon his property; and the said Merritt made it, by said agreement, "incumbent upon his said heirs, so long as she and they or either of them can satisfactorily agree, that they shall make such provision for her, the said second party, and in case they fail to provide for said second party's maintenance as comfortably as when she was the wife of said first party, that in that case the said second party is to make provision for herself, and the expense thereof to be a charge upon any and all of my real estate or property that I now own or may hereafter acquire, not-withstanding any contract, deed or will that I may hereafter make or suffer to be made;" and he further agreed that such agreement should be a lien upon any and all of his estate, both real and per-sonal. Such agreement was delivered to the plaintiff May 8, 1869, and recorded in the Sullivan county clerk's office September 8, 1874.

On the same day, the plaintiff executed and delivered to the said Martin F. Merritt, in consideration of said ante-nuptial agree-ment, and of his marrying her, a release of all claims to dower or third in any and all property the said Merritt might die seized of, both real and personal, which release was recorded in the Sulli-van county clerk's office.

Shortly after the execution of said agreement and release the plaintiff married the said Martin F. Merritt, and they thereafter lived together as husband and wife, until his death January 14, 1890. The complaint alleges that at the time of such agreement and marriage Martin F. Merritt was the owner and in the possession of a large amount of property, both real and personal.

That in the month of April, 1883, the said Martin F. Merritt transferred to four of his sons, including the defendant, various pieces of property, and in November and December of the same year he transferred to three other children various other property, and thereby his said children became the owners and possessed of all the property of said Martin F. Merritt; that at the time of such transfers, and as a part consideration therefor, the children of Martin F. Merritt executed and delivered to him their several bonds, con-ditioned that in case the plaintiff should survive the said Martin F.

Merritt, they would each contribute his and her *pro rata* share towards the plaintiff's support as long as she should live. Upon the trial the ante-nuptial agreement and release were put in evidence. Also a deed of real property from Martin F. Merritt and the plaintiff, his wife, to the defendant, dated April 7, 1883. Also a deed from the same parties to the defendant and two other children of Martin F. Merritt, of other real property, dated April 25, 1883. Plaintiff also put in evidence a bond executed by the defendant to Martin F. Merritt, dated April 25, 1883, which recites that Martin F. Merritt has conveyed to Martin Merritt certain real estate, on condition that Martin Merritt shall contribute to the support of Martin F. Merritt during his life, and shall also contribute to the carrying out of the ante-nuptial contract between plaintiff and Martin F. Merritt; it recites the amount that shall be paid to Martin F. Merritt during his lifetime, sixty-two dollars and fifty cents annually, and provides that after his (Martin's) death he shall contribute his due share according to the property he has then received to carry out said ante-nuptial contract.

The plaintiff offered in evidence similar bonds executed by the other children of Martin F. Merritt, who, it was claimed in the complaint, had received conveyances of his property; the plaintiff also offered in evidence deeds from Martin F. Merritt and the plaintiff, his wife, to the said several children of Martin F. Merritt; upon the objection of the defendant the court refused to admit either the bonds or deeds in evidence.

Other evidence was offered by the plaintiff that was not received by the court, but as to which there is no occasion to advert now, it apparently being rejected for the same reason that the court refused to receive the bonds and deeds.

In rejecting the evidence the court said : " This action is virtually to obtain an enforcement of the ante-nuptial agreement. It is no doubt proper and right that this defendant, with the other heirs and next of kin, should carry out that ante-nuptial agreement, so far as it binds them, but if they refuse to do it the remedy is for an enforcement of that agreement, and pertains entirely to a court of equity."

At the close of the evidence of the plaintiff the court directed the dismissal of the complaint.

I do not think the action is one in equity; it is an action to enforce the condition of the bond. Under the ante-nuptial agreement the plaintiff was given a lien upon Martin F. Merritt's property to enforce it; by uniting with her husband in the deeds to his children, she released all lien she had upon the property described in those deeds, and the several bonds taken by the husband, so far as she was concerned, were substituted for the lien given by the ante-nuptial agreement; the agreement to support the father and to carry out the terms of the ante-nuptial agreement were the consideration for the conveyances to the children; the plaintiff in turn contributed her share of the consideration, moving the children to execute their several bonds by her signature to the deeds. And she had a right of action to enforce those conditions in the bonds that were intended for her benefit. (*Arnold* v. *Nichols*, 64 N. Y., 117; *Todd* v. *Weber*, 95 id., 181; *Rector* v. *Teed*, 120 id., 583.)

The amount the defendant was to contribute was to be determined according to the property he had received from his father; the other bonds offered in evidence and rejected were stated to be for the same purpose as the one given by the defendant. In other words, each one who received a share of the father's property was to contribute to the plaintiff's support in an amount proportioned to the share of the estate he or she received.

Hence, in determining the proportion that was due on the defendant's bond, it became competent and material to show a like agreement on the part of the other children; and the amount of the property each one had received, and the bonds and deeds so executed were, I think, admissible in evidence for the purpose indicated. The reception of evidence to determine the defendant's "due share, according to the property he has received," does not constitute an accounting which changes the action to a proceeding or action in equity.

I think the trial court erred in holding that the action was one in equity, of which the County Court had no jurisdiction, and that it also erred in rejecting the bonds and deeds offered in evidence by the plaintiff, and that for such errors the judgment should be reversed and a new trial granted, with costs to abide the event.

PUTNAM, J., concurred; MAYHAM, P. J., not sitting.

Judgment reversed, new trial granted, costs to abide event.