## COOK et al. v. BERROTT et al.

(Supreme Court, General Term, First Department. December 16, 1892.)

1. SALE—CONSIDERATION—PAYMENT OF ANOTHER'S DEBTS.
   A written agreement entered into between a debtor and two of his creditors, whereby the debtor grants, bargains, and sells to them his entire stock of goods, fixtures, accounts, etc., in consideration of their covenant to pay the claims of his other creditors, whose names, with the amounts due, are specified in the agreement, does not constitute the two covenanting creditors trustees for the debtor, to apply the property in payment of the claims specified, but is an absolute sale, and renders them absolutely liable to the creditors mentioned in the agreement.

2. COVENANT TO PAY DEBTS OF ANOTHER—WHO MAY SUE.
   The other creditors, who have accepted the covenants made in their favor by the two covenanting creditors, and who, in reliance thereon, have refrained from taking any action against the debtor, may sue the covenantors on their covenant, though they were not parties thereto, since a promise or covenant made by one to another for the benefit of a third person may be enforced by such third person.

3. SAME—SUFFICIENCY OF EVIDENCE.
   In an action by the creditors against the covenantors on such covenant, proof of the covenant, of the amount due plaintiffs, and of their acceptance of the covenant after notice of its existence, is sufficient to entitle them to recover.

4. SAME—MISREPRESENTATIONS BY DEBTOR—EVIDENCE.
   The refusal of the trial judge to submit to the jury the question whether the covenantors were induced to enter into the covenant by the debtor's misrepresentations as to the value of the stock is proper, where the covenantors fail to introduce any evidence as to such value at the time of the sale.

5. APPEAL—HARMLESS ERROR—RULINGS ON EVIDENCE.

The admission of incompetent evidence on the trial is immaterial on appeal from orders denying a motion to dismiss a complaint, and'directing a verdict in plaintiffs' favor, where, excluding such incompetent evidence, sufficient competent evidence remains to establish a prima facie case in plaintiffs' favor.

6. SAME—EXCLUSION OF DOCUMENTARY EVIDENCE.

On appeal an assignment of error in the exclusion of a document will not be considered, where the record shows that nothing more was done than to endeavor to have it marked for identification, and that no offer to have it admitted in evidence was made.

Appeal from circuit court, New York county.

Action by Martin R. Cook and Jacques A. Bernheimer against George Berrott and Benjamin Schuster for a debt originally owing to plaintiffs from one George Berliner, and alleged to have been assumed by defendants. From a judgment entered on a verdict directed in plaintiffs' favor, defendants appeal. Affirmed.

The action is founded on a written instrument entered into between George Berliner and defendants. This instrument recited that Berliner, who was doing business as George Berliner & Co., was indebted to various persons, naming them, including plaintiffs and defendants, and stating the amount due each. It further recited that said Berliner had granted, bargained, and sold to the defendants all his stock of goods, store fixtures, book accounts, bills and notes, and choses in action. The agreement then continued:

"In consideration of the sale and delivery of the aforesaid property and effects herein conveyed to them, the said Benj. Schuster and Geo. Berrott, each for himself, hereby release and forever discharge the said Geo. Berliner and said Geo. Berliner & Co. to each of them, as above set forth, and hereby cancel and acknowledge full receipt for the same; and they hereby covenant and agree with the said Geo. Berliner and Geo. Berliner & Co., and with each of the said creditors of said Geo. Berliner and Geo. Berliner & Co. above mentioned, to pay off and discharge in full each and all of the above-mentioned indebtedness due by the said Geo. Berliner and Geo. Berliner & Co. to the said several creditors above mentioned, and whose debts, with the amounts due thereon, are above set forth, the payments of said indebtedness to be paid to each of said several creditors on or before the expiration of nine months from the date of this instrument; another third of said indebtedness to be paid to each of said several creditors on or before the expiration of twelve months from the date of this instrument; and the last third of said indebtedness to be paid to each of said several creditors on or before the expiration of eighteen months from the date of this instrument."

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

Adam E. Schatz, for appellants.

Richards & Brown, (J. Tredwell Richards, of counsel,) for respondents.

O'BRIEN, J. This action is brought to recover a sum of money originally owing from one George Berliner to plaintiffs, and for the payment of which it was alleged the defendants became liable by virtue of an assumption of such indebtedness by them, pursuant to the terms of a certain indenture in writing, whereby, as claimed by plaintiffs, the said Berliner sold his business, including the entire stock of merchandise, accounts payable, and other assets, to the defendants, on consideration of their covenant and agreement with Berliner, and with each of certain creditors, one being the plaintiffs' firm, to pay off and discharge in full such indebtedness, at the times and in the manner in such indenture provided. The defendants by their answer, while admitting

the execution of the indenture by themselves as parties with George Berliner, alleged that the same was induced by false representations with respect to the value of the assets made by Berliner, and also took issue with plaintiffs upon the question whether the true construction of the indenture or agreement was an absolute sale by Berliner to the defendants or not, insisting that its true construction was an assignment by Berliner to them for the benefit of creditors.

The first question presented relates to the nature of the indenture. An examination thereof will show that it did not contemplate that the defendants were to take the property of Berliner as trustees, or in a representative capacity, but the instrument by its terms provides for an absolute sale, in consideration of certain covenants entered into by the defendants, one of which was to pay the indebtedness due by Berliner to these plaintiffs. This view of an absolute sale was neither destroyed nor affected by evidence introduced relating to the acts of the parties, and the construction which they themselves placed upon the instrument. We think that a reading of the entire record places it beyond doubt that it was a sale by Berliner of all his property to these defendants, upon an agreement that they should pay to the creditors whose names, with the amounts due, were specified in the agreement, their respective claims.

No serious question is raised as to the execution of the indenture itself, but it is insisted that the plaintiffs, being strangers thereto, were not entitled to the benefit thereof. It was shown, however, that they accepted the covenant made by the defendants in their favor, and in reliance thereon refrained from taking any action against Berliner. The question, therefore, presented, is as to the right of a third person to enforce a promise or covenant made by one party to another for the benefit of such third person. The law upon this question, ever since the case of Lawrence v. Fox, 20 N. Y. 268, must be regarded as settled. And even though we were to assume that the plaintiffs were not to be deemed parties to the indenture, yet, the covenant of the defendants to pay their claim being good as a covenant to Berliner for plaintiffs' benefit, they would be entitled to enforce the covenant directly against the defendants. Thorp v. Coal Co., 48 N. Y. 257; Arnold v. Nichols, 64 N. Y. 117; Gifford v. Corrigan, 117 N. Y. 257, 22 N. E. Rep. 756.

At the close of the plaintiffs' case, the defendants made a motion to dismiss the complaint upon the grounds that the evidence was not sufficient, that the defendants were improperly sued, and that they should have been sued in their representative capacity as trustees or assignees. The exception taken to the refusal of the court, we think, has been disposed of by the reference already made to the facts proved in this case, and the law. In order to make out a prima facie case, proof of the agreement, of the indebtedness due the plaintiffs, and that they acted thereon by accepting the terms thereof, after notice of the making of of such an agreement, would be sufficient to entitle them to recover. The plaintiffs, however, went further, and proved that, subsequent to the making of the instrument, the defendants, in recognition of their liability, conceded the claim of the plaintiffs, and entered into negotiations for the purpose of effecting a settlement thereof. It is true that

the defendants objected to certain letters and to portions of the testimony presented by the plaintiffs; but eliminating all these,—which we may do for the purpose of passing upon the question raised by the exception to the denial of the motion to dismiss the complaint,—we think there was sufficient to justify such refusal. Upon such a motion, presenting, as it does, a question of law and not one of fact, it is immaterial for the disposition of such a question whether incompetent evidence was admitted or not, providing that, excluding such incompetent evidence, sufficient remained to establish a prima facie case.

In addition to this motion, however, and after the defendants' testimony was in and both sides had rested, the court was requested to direct a verdict for the plaintiffs, which was done, and to which the defendants did not except. Instead, they made a request to go to the jury on the question of whether the defendants were induced to enter into the agreement or indenture by misrepresentation, which being denied, they excepted. The defendants also moved for a new trial, which motion was denied, and exception taken. Inasmuch, however, as there is no appeal from any order denying the motion for a new trial, and no statement in the case that it contains all the evidence, it is unnecessary for us to consider the questions which would have been raised upon a different record. Reviewing the evidence as presented, we think the denial by the learned trial judge to submit the question proposed, as to misrepresentation, to the jury, was entirely proper, as the case is devoid of any testimony which would support such a conclusion, for even if we were to assume that the evidence was sufficient to establish the claim that representations as to the value of the assets were made by Berliner as an inducement to the defendants to sign the agreement, there was no proof presented as to the actual value of the assets assigned, and this would be fatal to a defense based upon false representations. The other defense alleged, in respect to a settlement between the plaintiffs and Berliner, was not relied upon in the requests made to the judge upon the trial, nor do we regard it as seriously urged upon this appeal; but if it were, it is entirely without support upon the evidence.

The only remaining question is presented by the granting of the plaintiffs' motion for a direction of a verdict in their favor. As we have already said, no exception was taken to the direction; but had there been, it would not have availed the defendants. A prima facie case having been made out, as we have shown, for the plaintiffs, and no defense having been made out by the defendants, there was no question to submit to the jury. Much stress is laid by defendants upon the claim that a certain exhibit, "D," which was a letter signed "B. & S.," and written by one Kane, inclosing a draft to plaintiffs, was not admitted. The record does not show that any more was done with reference to this exhibit than to endeavor to have it marked for identification, and no offer to have it admitted as evidence was made. Even though it had been, as shown by its terms, it would in no way have affected the disposition which the trial judge was bound to make of the case. Many exceptions were taken to the admissibility of letters which were introduced by the plaintiffs; but what we have already said

with reference to the consideration of incompetent evidence upon a motion to dismiss a complaint is also applicable here. The decision of the court in directing a verdict for the plaintiffs was a decision upon a question of law, and not upon a question of fact, and the admission of incompetent evidence could have made no difference in the result; for upon the competent evidence it would still have been the duty of the court to make the same decision. It is only where there is a question of fact in issue, and the incompetent evidence might possibly have affected the mind of the court or jury, that the error is material. Applying this rule, and discarding every piece of evidence in the case to which objection was made by the defendants, there still remained sufficient to establish a prima facie case in plaintiffs' favor; and no defense thereto having been presented, the direction was proper. We are of opinion, therefore, that the judgment appealed from should be affirmed, with costs. All concur.