JOHN J. SERVISS, Appellant and Respondent, v. LUCY McDONNELL, Impleaded, etc., Appellant and Respondent.

An incoming partner can only be made liable by agreement for the prior debts of the firm, whether he succeeds an outgoing partner by purchase, or whether, upon the death of one partner he joins with the survivors in carrying on the business.

An undertaking on his part, alone or in connection with others, that the new firm will pay the debts of the old firm, can be enforced only by the old firm; its creditors may not sue for a breach of it.

Plaintiff was the owner of certain promissory notes, executed by the individual members of a firm, for a firm debt. One of the makers having died, a new firm was formed to continue the business, composed of the surviving members of the old firm and the widow and a son of the decedent. By the new articles of copartnership it was declared that the widow and son were to have a third interest and were to pay " one-third of the liabilities of the late firm." In an action to recover the amount of the notes, in which the widow alone defended, *held*, that if the action was maintainable at all against her, it was only for one-third of the amount.

*It seems* that as plaintiff's contract was with the members of the old firm, in the absence of evidence that there had been a change of credit or a promise on plaintiff's part to accept the incoming members as his debtors, or some analogous act, no recovery could be had against them; that the obligation of the contract did not enure to plaintiff's benefit.

But *held*, that as the question of the widow's liability for the one-third merely was not raised on trial, it could not be raised upon appeal.

(Argued October 3, 1887; decided November 29, 1887.)

THESE were cross appeals from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made the first Tuesday of May, 1885, which modified, and affirmed as modified, a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the material facts are stated in the opinion.

*Nathaniel C. Moak* for plaintiff. Defendant not having claimed there was any question of fact which should be sent to a jury cannot now insist there was one. (*Ormes* v. *Dauchy,* 82 N.Y. 443, 448, 449 ; *Provost* v. *McEncroe,* 102 id. 650 ; 4 East. R. 778 ; *Dillon* v. *Cockroft,* 90 N. Y. 649, 650.) Fraud may be proved by circumstances. (*Clark* v. *Baird,* 9 N. Y. 183 ; *Waterbury* v. *Sturtevant,* 18 Wend. 353, 362 ; *Stewart* v. *Strasburger,* 51 How. Pr. 388.) When the contract, on its face, is susceptible of more than one construction, the acts of the parties under it are the best expositors of what their intention really was. (*Cambridge* v. *Lexington,* 17 Pick. 230 ; *Livingston* v. *Ten Broeck,* 16 Johns. 23 ; *Onthank* v. *Lake Shore,* 8 Hun, 131 ; 71 N. Y. 194 ; *Rockwell* v. *Humphrey,* 57 Wis. 414.) The court should, as far as possible, place itself in the " shoes " of the parties, and from their situation and evident purpose and intention, determine what they really intended ; this intention should be carried into effect so far as the rules of language and of law will permit. (2 Pars. on Cont. [7th ed.] 631, 499 ; *Hurley* v. *Brown,* 98 Mass. 545, 546, 548.) An agreement may be implied from the acts of and transactions between the parties. Such a contract does not differ from an express one, except in form of proof. (Bish. on Cont. [2d ed.], §§ 257, 258, 259, 263.) Mrs. McDonnell is presumed to have known the contents of the books of the firm of which she was a member, she was equally bound by acquiescence, it being her duty to inform herself as to what her own firm was doing and spreading upon the legitimate record of its doings. (*Cheever* v. *Lamar,* 19 Hun, 132, 135 ; *Allen* v. *Colt,* 6 Hill, 318 ; *O'Brien* v. *Hanley,* 86 Ill. 278.) While an incoming partner is not liable for the prior debts of the firm without a special promise, yet very slight testimony will be sufficient to prove an assumption by him of those debts. (*Cross* v. *Burlington,* 17 Kans. 336 ; *Updyke* v. *Doyle,* 7 R. I. 447, 463 ; 2 Collyer's Law on Part. by Wood [6th ed.], 831 § 525 ; *Shaw* v.

*McGregory*, 105 Mass. 96, 102 ; *Frazer* v. *Howe*, 106 Ill. 564, 581 ; *Keller* v. *West, etc.*, 39 Hun, 348, 353, 355 ; *Mores* v. *Society, etc.*, 19 N. Y. Weekly Dig. 247 ; *Radd* v. *McMorran*, 17 id. 258 ; 30 Hun, 309.) The transfer to defendant by the survivors of an interest in the firm was a sufficient consideration for her assumption as a member of the new firm of the debts, or of a portion thereof of the old firm, so as to entitle a creditor thereof to recover of her. (*Arnold* v. *Nichols*, 64 N. Y. 117, 119 ; *Prince* v. *Kohler*, 77 id. 91 ; *Allendorph* v. *Wheeler*, 23 Weekly Dig. 319 ; 2 Cent. R. 393, 394 ; 5 N. East R. 102 N. Y. 649 ; *Pulver* v. *Skinner*, 42 Hun, 322, 325, 326 ; *Vrooman* v. *Turner*, 69 N. Y. 280.) Through the death of John McDonnell the old firm of McDonnell, Kline & Co. was dissolved. The assets were joint property and the title thereto vested in the survivors, charged with a trust for the payment of the firm's debts. (*Menagh* v. *Whitwell*, 52 N. Y. 158 ; *Morss* v- *Gleason*, 64 id. 207 ; *Shackelford* v. *Shackelford*, 32 Gratt. [Va.] 481 ; *Arnold* v. *Nichols*, 64 N. Y. 117 ; *Brown* v. *Curren*, 14 Hun, 260.)

*N. P. Hinman* for defendant. The agreement imposed no liability upon Lucy McDonnell to this plaintiff as a creditor of the old firm, dissolved by the death of John McDonnell. (*Edick* v. *Green*, 38 Hun, 202 ; *Wheat* v. *Rice*, 97 N. Y. 296.) This action is strictly legal and not an equitable one. (*Bradley* v. *Aldrich*, 40 N. Y. 504 ; *Arnold* v. *Angell*, 62 id. 508 ; *People's B'k* v. *Mitchell*, 73 id. 415 ; *Stevens* v. *Mayor, etc.*, 84 id. 296.) The plaintiff having failed to prove the cause of action he alleged, and this defendant having taken proper objections thereto by motions and objections to evidence, exceptions and requests at the close of the trial, no amendment being either asked for or ordered, the judgment upon another cause of action not alleged, cannot be sustained upon appeal, notwithstanding defendant was not misled. (*Southwick* v. *First Nat. B'k*, 84 N. Y. 420 ; 20 Hun, 349.) Independent of the written agreement of partnership the defend-

ant, appellant, was not liable for the debts of the former partnership. (*Sage* v. *Woodin*, 66 N. Y. 530, 578.)

DANFORTH, J. The plaintiff was the owner of two notes, each made by John McDonnell, Perry Kline and Thomas Harvey, who thereby jointly and severally promised to pay to his order, in one case $500, and in the other $2,000, in one year from April 1, 1873, with interest. The makers constituted the firm of McDonnell, Kline & Co., and the notes were given in consideration of money loaned to them in that capacity. One of the makers, John McDonnell, died, and the complaint alleges that thereafter and in February, 1878, his widow, Lucy McDonnell, Perry Kline and Thomas Harvey formed a new firm under the same name of McDonnell, Kline & Co., and in consideration of a transfer to them of the business and property of the old firm, agreed to pay into said new firm and for the purpose of carrying on said business, certain large sums of money, and to assume and pay all the obligations, debts and liabilities of said former firm of McDonnell, Kline & Co., among which debts, liabilities and obligations were the two promissory notes above referred to ; that no part of either of said promissory notes has been paid, except that the interest has been paid to April 1, 1883, and for the principal sum, with interest, the plaintiff asked judgment against Lucy McDonnell and Thomas Harvey.

The action was commenced February 7, 1884, and the defendant, Lucy McDonnell, alone answered, in substance denying all the material allegations of the complaint and setting up that the alleged cause of action did not accrue within six years. Upon the trial at the circuit before a justice of the Supreme Court and a jury, the only proposition seriously litigated was the liability of Mrs. McDonnell, and to establish that parol evidence alone was given. Its force need not be considered, for at a subsequent stage of the trial she put in evidence written instruments containing the only agreement by which she can be bound, and the question upon the whole case was finally submitted to the trial judge as one of law. He not only denied

the defendant's motion for a nonsuit, but also refused to rule, when subsequently requested by her counsel, " that the plaintiff was only entitled to recover against her one-third of the amount due upon the notes," and upon the plaintiff's application directed a verdict in his favor upon the whole sum claimed, and judgment was entered. Upon the defendant's appeal to the General Term, that court modified the judgment by reducing it to one-third, and, from the judgment so modified, both parties appeal to this court, the plaintiff against the modification, and the defendant because it was not altogether set at naught.

The plaintiff's appeal is so fully met by the reasoning of the learned judge at General Term that little need be said. An incoming partner is not as of course, liable for the debts of the firm, whether he succeeds an outgoing partner by purchase, or whether upon the death of one partner he joins with the survivors in carrying on the business by virtue of a new partnership. He may become liable by agreement, but an undertaking on his part alone, or in connection with others, that the new firm will pay the debts of the old firm, can be enforced only by the old firm, and the creditors could not sue for the breach of it. The evidence which led the General Term to modify the judgment was a written instrument dated February 25, 1878, executed by Lucy McDonnell, her son Willard McDonnell, Perry Kline and Thomas Harvey. By its terms these persons became partners under the name of McDonnell, Kline & Co., to continue the business theretofore conducted by the former firm of that name, for such time as they should agree, with a capital equal to the amount of the capital of the old firm, and it was declared that Mrs. McDonnell and Willard McDonnell, as parties of the first part thereto, were to pay one-third of the liabilities of the late firm of McDonnell, Kline & Co., and were jointly to receive one-third of the profits of said business, to pay one-third of the expenses of conducting it and bear and pay one-third of all losses which might happen, and furnish one-third of the capital.

The parties of the second and third parts were each to receive one-third of the profits, to furnish one-third of the capital, bear and pay one-third of all expenses in conducting said business, and one-third of all losses which might happen or occur. The learned court held that the defendant's liability must be measured by this agreement, and could not exceed one-third of the debts of the old firm. In this conclusion the learned judge was clearly right. The agreement contained the terms on which the defendant became a member of the firm, and expressed the full extent of her obligation, whether it inured to the surviving members of the old firm or to its creditors. The plaintiff's appeal must, therefore, in any view of the case, fail. If he could maintain an action at all, it could be only for the one-third which came within the terms of the agreement. But the defendant also appeals. Her contention is that the plaintiff's contract was with the members of the old firm; that there has been no change of credit, not even a communication with her, much less a promise on his part to accept her as his debtor. Upon the record before us that contention is well founded, and the adjudged cases show that without some one of these things being done, or some analogous act on the part of a creditor, he cannot maintain an action on such an agreement as that by which the defendant bound herself. Here it is apparent that the obligation of the defendant to her copartners is the only foundation for the plaintiff's action, and there is no circumstance in the case to exempt him from the general rule of law that one who is not a party to a contract cannot sue in respect of a breach of duty arising out of the contract. Moreover, our decision in *Wheat* v. *Rice* (97 N. Y. 296), is justly relied upon as controlling the disposition of this case. In that the undertaking of the defendant was to "assume and pay one-quarter of all the indebtedness" of the firm named. In this the defendant jointly, with her son, promised "to pay one-third of the liabilities of the late firm." The cases cannot be distinguished, and the principle applied in that cited would seem to require the reversal of the judgment, if the defendant was in condition to avail herself

of it.    It is obvious, however, from the record, that no such question was, raised at the trial term, and, so far as appears, the point is taken for the first time in this court.    This will not do.    Had it been raised in season it might perhaps have been obviated.    In such a case it is well settled that an exception not taken in the court below cannot be available on appeal. The defendant's appeal must, therefore, also fail, and the judgment of the General Term be affirmed

All concur.

Judgment affirmed.