PATRICK M. HANNIGAN *et al.*, Appellants, *v.* JAMES C. ALLEN *et al.*, Respondents.

*Court of Appeals, April* 21, 1891.

1. *Appeal. Questions of fact.*—An order of the general term, reversing a judgment entered upon the report of a referee, and granting a new trial, without stating that it was made upon a question of fact, must be assumed, in the Court of Appeals, to have been made upon questions of law.
2. *Same.* Where there is no evidence to sustain a finding material to the judgment, it is a ruling upon a question of law. In such case, it is for the Court of Appeals to determine whether there is any such evidence.
3. *Contract. Promise.*—The creditors of the individual partners can maintain an action on the promise of the firm to assume the purchase price due for stock of goods contributed to the copartnership capital by the said partners individually.
4. *Evidence. Contract.*—To establish such an agreement, the cotemporaneous acts and subsequent conduct of the parties are material.

APPEAL from an order of the general term of the superior court of the city of New York, reversing a judgment entered upon the report of a referee and granting a new trial.

*John W. Boothby*, for appellants.

*James C. Foley* and *M. A. Kellogg*, for respondents.

HAIGHT, J.—This action was brought to recover pay for goods sold and delivered. A portion of the claim is admitted.

The controversy is over an item of $1,394.72, for goods sold to the defendant James C. Allen before he had entered into copartnership with the defendant Morrissey.

It appears that the defendants Allen and Morrissey were each engaged in the dry goods business ; one having a small store upon Third avenue in the city of New York, and the other at Greenpoint. Desiring to unite their business they entered into a copartnership, taking a store on Third avenue. The articles of copartnership provide that the parties are to contribute in goods and money to the partnership business, as the books of the firm will show.

The referee has found that it was mutually understood and agreed that the firm should assume and pay the debts and liabilities of each of the parties then owing by them respectively for the goods so contributed to the firm, and ordered judgment for the plaintiffs.

The general term reversed the judgment and ordered a new trial. TRUAX, J., in delivering the opinion of the court, says that there is no evidence to sustain this finding.

The order reversing the judgment and granting a new trial does not state that it was made upon a question of fact. We must therefore assume that it was made upon questions of law. Code, § 1338. If, however, there is no evidence to sustain the finding it would be a ruling upon a question of law. Code, § 993.

The question we are therefore called upon to review is

whether there is any evidence to sustain the finding of the referee. It is true, as stated by the general term, there is no direct testimony from either party of any such express agreement, but that there was such an agreement is not dependent upon the testimony of either of the partners. It may be established the same as any other agreement, from such facts and circumstances as will raise an implication that such an agreement was made, and as bearing upon such implication the contemporaneous acts and subsequent conduct of the parties become material.

There is nothing in the articles of copartnership or the books kept by the firm that bears upon the question. The husband of the defendant Morrissey was her authorized agent, and as such conducted the business on her part and took charge of the financial affairs of the firm. It does appear that the understanding was that each of the partners should take an account of his stock in his old store, ascertain the value thereof, and deduct from such value the amount that he owed upon it for its purchase, and that the surplus should be regarded as his capital in the firm. Neither of the parties appear to have had any other capital than that represented by their stock of goods. Neither partner by the articles of copartnership was permitted to draw more than twenty dollars per week. This sum was doubtless intended for the personal expenses of themselves and their families. It would not go far in the extinguishment of the debts owing by them, respectively, upon their stock of goods.

It further appears that they opened an account at a bank in the name of the copartnership, in which the money derived from the sale of goods was deposited; that from time to time Morrissey drew checks in the name of the firm upon this account in payment upon the old indebtedness of the defendant Morrissey upon the stock of goods contributed by her. And again it appears that in May or June, Morrissey received from the plaintiffs a bill containing the items of goods purchased from them by the defendants, including

the old account against Allen for the goods sold him, and there is evidence that he subsequently agreed to pay the same; that difficulties arose between the partners, and about the first of July, the defendant Morrissey purchased out the interest of the defendant Allen, paying him therefor $125, the defendant Morrissey agreeing to take all the stock of goods, accounts and property of the firm and assume all its liabilities; that the stock of goods contributed by the defendant Allen inventoried at $1,603.45, and that substantially that amount was owing thereon.

The difficulty between the co-partners arose over the claim of Morrissey that Allen had contributed no capital. It is not claimed that the firm had suffered any losses, and the result is that under the claim as now made by the defendant Morrissey she gets the entire stock of goods contributed by the defendant Allen for the $125 paid him to retire from the firm. The firm only continued to do business about sixty days, and in the absence of any losses it would hardly be supposed that the defendant Allen would contribute goods of the inventoried value of $1,600 and then retire from the firm upon receiving $125, unless he had understood that the goods contributed by him were to be paid for by the defendant Morrissey.

We agree with the general term that the bare promise of the defendant Morrissey or of her agent on her behalf to pay Allen's indebtedness to the plaintiffs, not being in writing, would not be binding upon her. But the fact that such promise was made in connection with the other facts appearing in the case becomes quite significant as bearing upon the question as to whether or not there was an agreement that the firm should assume the individual liabilities of each member upon the goods contributed by each. So, also, is the subsequent conduct of Morrissey in the payment of her individual indebtedness out of the money of the firm. Taking all of these facts together they produce a chain of circumstances from which we think the inference drawn by

the referee is permissible, and that it cannot be properly said that there was no evidence to support his finding.

As we have seen, each partner contributed to the capital of the firm the stock of goods he had on hand on which there were amounts owing for purchase money. The goods having been transferred to the firm and the firm having assumed and agreed to pay the balance of the purchase price unpaid, the agreement of the firm will be deemed to have been made for the benefit of the creditors holding such claims, and an action may be maintained by such a creditor against the firm upon such agreement. Arnold *v.* Nichols, 64 N. Y. 117.

The case is, therefore, distinguishable from that of Wheat *v.* Rice, 97 N. Y. 296, and Serviss *v.* McDonnell, 107 N. Y. 260 ; 12 N. Y. State Rep., 485, and kindred cases.

The order of the general term should be reversed, and the judgment entered upon the report of the referee affirmed, with costs.

All concur, except VANN and BROWN, JJ., absent.

---

### NOTE.

See further Whitman *v.* Foley, 125 N. Y. 651; Slatterly *v.* Schwannecke, 118 Id. 543; Van Wycklyn *v.* Brooklyn, Id. 424; Danziger *v.* Hoyt, 120 N. Y. 190; Lowery *v.* Erskine, 113 N. Y. 52; Williams *v.* D., L. & W. R. R. Co., 127 N. Y. 643; 3 Sil. (Ct. of Ap.) 451; Flack *v* Village of Green Island, 122 N. Y. 107; Nostrand *v.* Knight, 123 Id. 614; Phœnix Iron Co. *v.* Vessels, etc., 127 N. Y. 206; Godfrey *v.* Moser, 66 Id. 250; Moran *v.* McLarty, 75 Id. 25; Baird *v.* Mayor, etc., 96 Id. 567; Aldridge *v.* Aldridge, 120 Id. 617; Halpin *v.* Phœnix Ins. Co., 118 Id. 165; Baldwin *v.* Doying, 114 Id. 452; Roberts *v.* Tobias, 120 Id. 1, 655; Inglehart *v.* Thousand Island Hotel Co., 109 Id. 454; Todd *v.* Nelson, Id. 316; Pharis *v.* Gere, 107 Id. 231; Lewis *v.* Barton, 106 Id. 70; Matter of Haxtun, 102 Id. 157; Kane *v* Cortesy, 100 Id. 132; Nicholls *v.* Wentworth, Id. 455; Rider Life Raft Co. *v.* Roach, 97 Id. 378; Shaw *v.* N. Y., L. E. & W. R. R. Co., 20 W. Dig. 136.