JOSEPH G. BENTON, Appellant, *v.* BENJAMIN W. WINNER and CHARLES A. DRAPER, Respondents.

*Complaint against a firm covering a period in which the membership changed —*
*misjoinder of causes of action.*

A complaint, to recover for goods sold to a firm during a period in which the complaint states that the firm name remained the same but the membership changed, which names as a defendant a person who it shows was a member of the firm during a part only of the period in suit, without stating that he agreed to pay the debts of the firm for the portion of the period covered by the complaint when he was not a member, is demurrable on the ground of a misjoinder of causes of action, in that all of the causes of action set forth in the complaint do not exist against all of the defendants.

APPEAL by the plaintiff, Joseph G. Benton, from a judgment of the Supreme Court in favor of the defendant, Charles A. Draper, entered in the office of the clerk of Sullivan county on the 27th day of May, 1892, upon an order made at the Sullivan Circuit and Special Term, sustaining the demurrer of the said defendant Charles A. Draper to the plaintiff's complaint.

*Alpheus Potts*, for the appellant.

*T. F. Bush*, for the respondent Winner.

*Marvins & Hanford*, for the respondent Draper.

HERRICK, J.:

This is an appeal from a judgment rendered upon a demurrer interposed by the defendant, Charles A. Draper, to the complaint of the plaintiff.

The plaintiff, in his complaint, states that during the year 1885 Benjamin W. Winner and one John Babcock were copartners in business under the firm name and style of B. W. Winner & Co., and as such copartners carried on the business of buying and selling wood.

That on or about the 1st day of January, 1887, the said firm of B. W. Winner & Co. received into said copartnership as equal partners Albert H. Sewell and Charles A. Draper. That the name and style of said firm remained unchanged. That on or about the 1st day of April, 1888, Albert H. Sewell and John Babcock sold out all their interests in the said copartnership and in the business of the firm to the defendants Winner and Draper, who assumed and agreed to pay all the outstanding debts of said firm, and continued the business of buying and selling under the firm name of B. W. Winner & Co., and they continued the business of such copartnership until on or about the 1st day of November, 1888.

The plaintiff further states that between the 1st day of January, 1885, and the 1st day of November, 1888, he sold and delivered to the said firm of B. W. Winner & Co. wood in each and every of said years, amounting to about the sum of $5,859.58.

At different times between the same dates the said firm of B. W. Winner & Co. paid the plaintiff about the sum of $4,201.58, leaving

a balance due the plaintiff, on the 1st day of November, 1888, of $1,658, exclusive of interest, for which sum he demands judgment against the defendants, jointly and separately.

It will be observed that while in form the plaintiff sets forth but one cause of action, yet from his statement of facts there are three separate causes of action involved. While all his sales are alleged to have been to the firm of B. W. Winner & Co., still as matter of fact his sales from 1885 to the 1st day of January, 1887, were to whatever persons that firm was composed of, Benjamin W. Winner and John Babcock, and they alone were responsible to him for the sales made to the firm during each of those years. From the 1st day of January, 1887, until the 1st day of April, 1888, the firm was composed of Benjamin W. Winner, John Babcock, Albert H. Sewell and Charles A. Draper; they were responsible for merchandise sold to the firm between those dates, and such sales constituted a separate and distinct cause of action in favor of the plaintiff against such persons.

The new copartners in the firm, Sewell and Draper, not having agreed to pay the debts of the firm as it existed from 1885 until the 1st day of January, 1887, they are not responsible to the plaintiff for the goods sold by him to the firm during those years. (*Serviss v. McDonnell*, 107 N. Y. 260.)

From the 1st day of April, 1888, until the first day of November of the same year, the copartnership was composed of the defendants Winner and Draper, and the merchandise sold by the plaintiff to the firm during that time constituted a third cause of action. It follows from this that there is a misjoinder of causes of action in the complaint; that all of the causes of action set forth in the complaint do not exist against all of the defendants.

That as to the first cause of action, that is, for the merchandise sold from 1885 to January 1, 1887, there is a misjoinder of parties defendant.

The defendant Draper, not being a member of the firm during that period, and not having assumed to pay its debts when a new firm was established, January 1, 1888, is not liable therefor, the persons liable for the merchandise sold to the firm up to that date being Benjamin W. Winner and John Babcock. All these matters appear upon the face of the complaint.

The judgment sustaining the demurrer should be affirmed, with costs, with leave to the defendant to plead over upon payment of costs.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment on demurrer affirmed, with costs, with leave to defendant to plead over on payment of costs.