(4 Misc. Rep. 523.)

## SPINGARN et al. v. ROSENFELD.

(Common Pleas of New York City and County, General Term. August 9, 1893.)

1. ACTION ON PARTNERSHIP AGREEMENT—WHO MAY SUE—CREDITORS.

A provision in a copartnership agreement that the sum owing by one of the copartners for merchandise contributed by him to the copartnership shall be paid by the firm will be construed as made for the benefit of the persons to whom such sum is due, and they may sue the firm on such agreement.

2. SAME—PAROL EVIDENCE.

In an action on a provision in a written copartnership agreement that the firm should pay the sum owing by one of the members for goods contributed by him to the firm, evidence that there was an oral understanding that such assumption of debts by the firm should apply only to a claim other than the one sued on is inadmissible.

Appeal from seventh district court.

Action by Elias Spingarn and others against Albert Rosenfeld, surviving member of the firm of Swyke & Rosenfeld, to recover

on an assumption by such firm of a claim against one of the partners. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

A. H. Sarasohn, for appellant.
Morris W. Hart, for respondents.

BISCHOFF, J. Plaintiffs, who were dealers in tobacco, sold a bale of Sumatra tobacco to Samuel Swyke, who promised to pay them the sum of $333 therefor. Swyke then entered into copartnership with Albert Rosenfeld, and contributed his stock of merchandise towards the stock of the new firm. Articles of copartnership were executed by the partners, which, among other things, provided as follows:

"It is hereby agreed between the parties hereto that the sum of six hundred dollars, now owing by Samuel Swyke, one of said copartners, for account of the merchandise contributed by him to said copartnership, shall be paid by said copartnership firm of Swyke & Rosenfeld."

Shortly afterwards Swyke died. One hundred and sixty-six dollars, in the mean while, had been paid plaintiffs on account of their claim, and they brought this action to recover the balance from Rosenfeld as surviving member of Swyke & Rosenfeld. On the trial, plaintiffs contended that the bale of tobacco which they had sold to Swyke was a part of the merchandise which the latter had contributed towards the stock of the firm, and that the firm also had made the payment of one-half of their claim against Swyke. Those contentions were severally supported by sufficient evidence, and, though there was some conflict regarding the facts, it must be assumed for the purposes of the judgment appealed from that this conflict was determined by the justice adversely to defendant.

We are of the opinion that, upon the facts in evidence and found by him, the justice's conclusion is proper, and that the judgment should be affirmed. The case is not to be distinguished materially from that of Arnold v. Nichols, 64 N. Y. 117. There one J. M. Bowen entered into copartnership with one Charles H. Nichols, under the firm name of J. M. Bowen & Co., and transferred his business assets to the firm, in consideration of which the latter assumed and agreed to pay certain specified debts of his, among which was a debt due Hinman, plaintiff's testator. Reversing a judgment of the general term of the supreme court, which reversed a judgment for plaintiffs, the court says:

"Bowen transferred to the firm the assets to which his creditors had the right to look for the payment of their claims, and hence the promise of the firm to pay such claims must be deemed to have been made for their benefit: It was not made to exonerate Bowen from the payment of his debts, and not primarily nor directly for his benefit, as his property was to be taken to pay the debts, and he was still to remain liable as one of the principals to pay them. This case is therefore unlike the case of Merrill v. Green, 55 N. Y. 270, and the action is maintainable upon the principles laid down in the case of Lawrence v. Fox, 20 N. Y. 268, and also recognized in Burr v. Beers, 24 N. Y. 178; Thorp v. Coal Co., 48 N. Y. 253, and Claflin v. Ostrom, 54 N. Y. 581. Hinman had the right to adopt the promise made expressly for his benefit."

In the more recent case of Hannigan v. Allen, 127 N. Y. 639, 27 N. E. Rep. 402, these views are emphatically reiterated, and Arnold v. Nichols is approved. "As we have seen," says the court, "each partner contributed to the capital of the firm the stock of goods he had on hand, on which there were amounts owing for purchase money. The goods having been transferred to the old firm, and the firm having assumed and agreed to pay the balance of the purchase price unpaid, the agreement will be deemed to have been made for the benefit of the creditors holding such claims, and an action may be maintained by such a creditor against the firm upon such agreement."

It will be found upon examination that all the cases in which the doctrine laid down in Lawrence v. Fox, 20 N. Y. 268, has been invoked, but held inapplicable, are reducible into two classes; namely, those in which there was no privity between the promisee and the person seeking to enforce the contract, nor duty owing by the former to the latter, (Vrooman v. Turner, 69 N. Y. 280; Lorillard v. Clyde, 122 N. Y. 498, 25 N. E. Rep. 917;) and those in which the privity or duty was apparent, but the contract utterly failed to indicate any intention to benefit particular persons not parties thereto, (Wheat v. Rice, 97 N. Y. 296; Serviss v. McDonnell, 107 N. Y. 260, 14 N. E. Rep. 314.) In the case now before us, the fact of Swyke's indebtedness to plaintiffs for the merchandise contributed by him to the stock of Swyke & Rosenfeld furnishes ample evidence of a duty owing from the promisee to the persons seeking to avail themselves of Swyke & Rosenfeld's promise, and it remains for us, therefore, to distinguish the case from the class secondly mentioned. This distinction is clearly pointed out in Beveridge v. Railroad Co., 112 N. Y. 1, 26, 19 N. E. Rep. 489, 496, where the court says:

"Within the principles of adjudged cases in this court where the plaintiff seeks to base his right to maintain his action against a third party upon a contract made between that party and another, it must be one made or intended for his benefit. Such a beneficial intent must clearly be found in the agreement."

Wheat v. Rice, and Serviss v. McDonnell, supra, both of which are cited by appellant's counsel, are therefore not applicable to the case at bar. In Wheat v. Rice the promise was to pay one-quarter of the promisee's aggregate indebtedness, but the particular debts which the quarter was intended to comprise were not mentioned. In Serviss v. McDonnell it was "to pay one-third of the liabilities of the late firm," without specifying the several or particular liabilities to which the promise should attach. In both cases it was held that there was no intent apparent from the promise that plaintiff's claim was among the debts of which the promisor had assumed payment, no particular debt or class of debts being mentioned therein, and the promise being open to the equal assertion of benefit by all creditors of the promisee, and hence that the action was not maintainable. See, also, Vrooman v. Turner, 69 N. Y. 280, 284. The case before us, however, presents an essentially different

promise from those in Wheat. v. Rice and Serviss v. McDonnell. Here the promise was to pay the aggregate indebtedness of Swyke, amounting to $600, and due from him for the purchase price of the merchandise which he had contributed to the stock of Swyke & Rosenfeld. It seems necessary, therefore, only to inquire whether the bale of tobacco which plaintiffs had sold to Swyke was part of the merchandise which the latter so contributed,—to ascertain whether or not plaintiffs' claim for the purchase price due therefor was among the debts owing by Swyke which Swyke & Rosenfeld contemplated to pay at the time of the execution of the copartnership articles. In Barlow v. Myers, 64 N. Y. 41, the court assumed that a promise to pay all the creditors of the promisee would leave no room to doubt that every creditor who was such at the time the promise was made was intended to be secured and benefited thereby, and so could maintain an action thereon to recover the particular demand owing to him. In Carman v. Kelly, 5 Hun, 283, and again in Melvain v. Tomes, 14 Hun, 31, the supreme court so ruled. Seemingly, a promise to pay all the claims due upon the sale of particular merchandise, and a promise to pay all the claims of the existing creditors of a particular person, are equally definitive. Each promise alike designates a particular class of debts which are to be paid, and in each instance the particular creditor to whom such payment is intended to be made may be ascertained by reference to the fact that his demand is included in the class mentioned.

On the trial, defendant was permitted to testify to an alleged oral understanding between himself and his deceased copartner to the effect that Swyke & Rosenfeld's assumption of Swyke's debts should be limited to the particular claim of one Davidson. This was plainly violative of the familiar rule that the effect of a written instrument may not be varied by parol evidence. True, the rule does not apply between the parties to the instrument and a stranger, but that is so only when the latter asserts a right independent of, and not growing out of, the instrument, or when the right asserted does not originate in the relations established by the instrument; otherwise, the rule prevails. Browne, Par. Ev. p. 40, § 28, subd. 15. Defendant's uncorroborated statements, as a witness in his own behalf, in other respects, were subject to discredit as those of a party in interest; and as the justice, upon abundant evidence, determined that defendant's positive denial that Swyke & Rosenfeld had received the bale of tobacco which plaintiffs had sold to Swyke was untrue, we are unable to say that the justice erred in disregarding defendant's uncorroborated testimony altogether. No error in rulings on the trial is claimed. The judgment should be affirmed, with costs.