TRADERS NATIONAL BANK OF ROCHESTER, Respondent, *v.* JACOB LASKIN and Others, Doing Business under the Firm Name and Style of J. LASKIN & SONS, Appellants.

Fourth Department, November 14, 1923.

Evidence — parol evidence — action on promissory notes — defense that notes were in renewal of notes on which defendants were accommodation indorsers, that mortgage executed by original debtor was delivered as security, that plaintiff agreed to apply mortgage on notes and relieve defendants and to deliver mortgage to defendants on payment of notes — mortgage purports to cover present and future indebtedness of mortgagor and any renewal thereof — parol evidence not admissible to prove defense.

In an action on promissory notes parol evidence is not admissible to prove the defense set up by the defendants which alleged that the notes were given in renewal of notes on which the defendants were accommodation indorsers; that a mortgage executed by the original debtor to secure the notes was delivered to the plaintiff under a parol agreement that plaintiff would apply the mortgage upon the payment of the notes and relieve the defendants from any obligation thereon unless there should be a deficiency and that upon payment the plaintiff agreed to deliver the mortgage to the defendants and that the defendants offered to pay said notes upon the return of the mortgage and the plaintiff refused to accept payment on that condition, since the mortgage in question was given by the original debtor to the plaintiff and purported to secure the " payment of any and all indebtedness or liability " which the plaintiff then held or might thereafter hold against the mortgagor " and all renewals thereof."

While the defendants were not directly parties to the mortgage, they were parties in interest and were claiming under the mortgage that it was made for their benefit and they cannot plead the mortgage as a part of their case and rely on it and then introduce parol evidence to vary or contradict its terms.

APPEAL by the defendants, Jacob Laskin and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 14th day

of June, 1923, upon the verdict of a jury rendered by direction of the court.

*William W. Armstrong,* for the appellants.

*Benton, McKay, Bown & Johnson* [*Clarence W. McKay* of counsel], for the respondent.

HUBBS, P. J.:

The complaint in this action is to recover upon two promissory notes made by the defendants to the order of the plaintiff, one for $6,000 and the other for $3,200. Both of said notes were given in renewal of notes made by Paul Hurwitz and indorsed by the appellants. The answer admits the making and delivery of the notes and pleads as a defense that said notes were given in renewal of notes upon which the defendants were accommodation indorsers; that at the time said Hurwitz delivered to the plaintiff a real estate mortgage as collateral security to said notes, which mortgage was and is ample security; that the plaintiff agreed, upon receipt of said mortgage, to apply it upon the payment of said notes and to relieve the defendants from any obligation upon said notes unless there should be a deficiency and upon payment of said note that plaintiff agreed to deliver said mortgage to the defendants; that the defendants offered to pay said notes upon the return of said mortgage and that the plaintiff refused. The defendants demand that said mortgage be delivered to them. A reply was served denying that said mortgage executed by Paul Hurwitz and held as collateral security was collateral security to the defendants' notes only, but alleged that it was collateral security for the indebtedness then owing or that might in the future be owing by the said Paul Hurwitz to the plaintiff bank. The reply denies an agreement to apply the proceeds of said mortgage on the notes in question and to deliver the mortgage to the defendants upon payment of said notes. The reply alleges that the collateral was applied to other indebtedness of Hurwitz to the plaintiff bank which was incurred prior to the giving of said notes.

The plaintiff was the mortgagee named in the mortgage, which was given, according to its terms, to secure all present and future indebtedness of the maker, Paul Hurwitz, to the plaintiff bank. It contained the following clause: " For payment of any and all indebtedness or liability of any kind which the mortgagee now holds or may hereafter hold against the said Paul Hurwitz, and all renewals thereof, or any part thereof, and all such indebtedness or liability upon which the term of credit has been or may hereafter be extended." By its terms the mortgage was not security for the notes in question which were made direct to the plaintiff bank

by the defendants and the name of said Hurwitz does not appear upon them.

The defendants sought to establish a parol agreement upon the delivery of the mortgage and notes in question, which was directly contrary to the terms of the mortgage. The mortgage, by its terms, was to secure the indebtedness of Hurwitz. The defendants sought to make it secure their indebtedness instead and to provide that it should be returned to them upon the payment of said notes, also that if the collateral should be converted any surplus should be delivered to the defendants and not to Hurwitz, the mortgagor, while the mortgage by its terms provided that it should be security for all indebtedness of Hurwitz to the bank.

Neither party questions the validity of the mortgage or its consideration. Both claim title to it, the plaintiff according to its wording and the defendants under the alleged oral agreement contrary to its terms.

The question here is whether or not evidence of the alleged parol agreement was competent. There is no question about the rule that parol evidence is not competent to vary or contradict a writing, complete in all its terms, when the evidence is offered in an action between the parties to the contract. In such case the spoken word must yield to the written agreement. Parol evidence is competent upon the question of whether or not there is a valid written contract, or that the consideration is different than stated; also that a deed was in fact given as a mortgage. It is also clear that the rule does not apply in an action between one party to a written contract and a third party, a stranger to the contract. It is this rule that the appellants rely upon. But one may be a party to a contract without being expressly named in it, and I think the defendants are in that position.

If a party claims under a contract in writing or it was made for his benefit and he seeks in the action to avail himself of such benefit, even though not named in the writing he cannot give evidence which tends to establish the contract and then contradict or change its terms by parol evidence. In *Smith* v. *Dotterweich* (200 N. Y. 299) Judge WERNER wrote: " When the oral testimony goes directly to the question whether there is a written contract or not, it is always competent; but when the effect of the oral testimony is to establish the existence of a written contract, which it is designed to contradict or change by parol, then the spoken word must yield to the written compact." Here the evidence offered by the defendants sought to sustain the mortgage as a valid mortgage for defendants' purposes, that is, to secure their notes, and to have the surplus paid over to them, and at the same time to defeat

its express terms and conditions by changing them entirely and nullifying the purpose of the mortgage.

To escape such a situation the appellants argue that the mortgage was between third parties and was a mere incident to the oral agreement which was the main or principal contract between the plaintiff bank and the defendants. I think, however, that they were parties in interest, that they were claiming under the mortgage, that it was made for their benefit, that the right which they asserted was not independent of but grew out of the mortgage, and that the same rule applies to them that would have applied if the action were between the plaintiff as mortgagee and Hurwitz, the mortgagor. (*Selchow* v. *Stymus*, 26 Hun, 145; 17 Cyc. 752; *Traders National Bank* v. *Washington Water Power Co.*, 22 Wash. 467; 61 Pac. Rep. 152; 22 C. J. 1235, 1294; *Minneapolis, St. P. & S. S. M. R. Co.* v. *Home Ins. Co.*, 55 Minn. 236; 22 L. R. A. 390; *Johnson* v. *Abresch Co.*, 123 Wis. 130; 68 L. R. A. 934; *Thomas* v. *Truscott*, 53 Barb. 200; *Ransom* v. *Wickstrom*, 84 Wash. 419; L. R. A. 1916A, p. 588. In a note on this case, at page 615, it is said: " Several cases have been found in which it is held that a stranger to a contract cannot introduce parol evidence to vary its terms in an action against a party thereto, where such contract forms the basis of his claim. These cases seem to be upon the theory that, having recognized the written contract by basing a claim thereon, the stranger is estopped to deny a portion of it. He must recognize the correctness of the whole instrument if he wishes to stand thereon. While this rule has not been referred to in many cases in which it would have applied, still no case has been found in which its correctness is questioned. In *Schultz* v. *Plankinton Bank* [1892], 141 Ill. 116; 33 Am. St. Rep. 290; 30 N. E. 346, an action by the holder of a note against an indorser thereof, it is held that the latter cannot introduce parol evidence to vary the terms of a mortgage given to the holder by the maker. According to the written terms of the mortgage there were four debts which were secured by it in priority to the note in the action, but the indorser claimed a parol agreement between the holder and maker to the effect that the note was to be the first debt paid from the proceeds of the sale. The court says: ' It is true that the defendant is not a party to the mortgage, but he claims under it. He introduced it in evidence. Indeed, the mortgage is the foundation of the defendant's claim. Take the mortgage out of the case and * * * [he] has no ground whatever to stand upon. Claiming, then, as defendant does, under the mortgage, and under a contract alleged to have been made by the mortgagor and mortgagee at the time the mortgage was executed, he has no more right to introduce evidence to

vary or contradict the terms of the mortgage than he would if he was a party to the instrument.' ")

In *Spingarn* v. *Rosenfeld* (4 Misc. Rep. 523) the defendant and another, as copartners, engaged in business under articles which provided: " It is hereby agreed between the parties hereto that the sum of six hundred dollars now owing by Samuel Swyke, one of said copartners, for account of the merchandise contributed by him to said copartnership shall be paid by said copartnership firm of Swyke & Rosenfeld." Prior to the copartnership the plaintiffs had sold a bale of tobacco to Swyke. They sought to recover an unpaid balance of the purchase price thereof on the theory that it was a part of the merchandise transferred to the partnership, offering proof as to the fact which satisfied the justice. On appeal the court said: " On the trial, defendant was permitted to testify to an alleged oral understanding between himself and his deceased copartner to the effect that Swyke & Rosenfeld's assumption of Swyke's debts should be limited to the particular claim of one Davidson. This was plainly violative of the familiar rule that the effect of a written instrument may not be varied by parol evidence. True, the rule does not apply between the parties to the instrument and a stranger; but that is so only when the latter asserts a right independent of, and not growing out of, the instrument, or when the right asserted does not originate in the relations established by the instrument. Otherwise, the rule prevails. Browne Parol Ev. § 28, subd. 15, p. 40."

The appellants cite the case of *Juilliard* v. *Chaffee* (92 N. Y. 529). There the plaintiff was receiver for Hoyt, Spragues & Co. and the defendant the voluntary assignee of the A. & W. Sprague Mfg. Co. The manufacturing company had certain outstanding notes upon which the firm of Hoyt, Spragues & Co. were also liable. Hoyt, Spragues & Co. advanced certain money to the defendant and took from him an instrument which read as follows:

" Borrowed and received of Hoyt, Spragues & Co., the sum of $100,000 payable to them or order on demand, with interest at the rate of seven per cent per annum from May 7, 1874.
$100,000                    " A. & W. SPRAGUE MFG. CO.
" Z. CHAFFEE, Trustee under their mortgage deed."

The defendant, the maker of the instrument, upon being sued by the plaintiff, the receiver of Hoyt, Spragues & Co., upon the instrument, sought to prove that it was delivered upon the agreement that when the sum mentioned, $100,000, had been applied upon the notes upon which Hoyt, Spragues & Co. were liable with the defendant's assignor, the written instrument was to be returned

to the defendant. This agreement, sought to be shown, was oral and was made a day or two before the writing was signed. The court held the evidence admissible, and said: " The case before us comes within the principle upon which those exceptions to the general rule rest, or the limitations which have restrained its application. The apparent obligation incurred by the defendant under the paper put in evidence by the plaintiff, was to pay the sum named upon demand in consideration of so much money then borrowed; but the evidence disclosed that it was only part of a prior parol arrangement, by the terms of which the payees were to advance money in anticipation upon debts owing by them, and on the defendant's promise that it should be so paid in discharge of those debts, and which also provided for a return of the paper to the defendant when the money was so applied. The note did not constitute the agreement, nor is it set out in the complaint as the foundation of the action. It is evidence of part of the agreement, and when relied upon by one party, the other might properly show in defense, the whole transaction [1 Greenl. Ev. § 284a; *Hutchins* v. *Hebbard*, 34 N. Y. 24; *Hope* v. *Balen*, 58 id. 380; *Jervis* v. *Berridge*, L. R. 8 Ch. App. 351], and when that was shown, the defense was made out, not by controlling the contract indicated by the writing, but by a collateral agreement with which it was incidentally connected, the execution of which inured as payment of the note in a manner directed by the payees, and upon faith in which the note was given. [*Crossman* v. *Fuller*, 17 Pick. 171.]

" The cases cited by the learned counsel for the appellant in support of his contention (among others, *Hoare* v. *Graham,* 3 Camp. 57; *Moseley* v. *Hanford*, 10 B. & C. 729; *Woodbridge* v. *Spooner*, 3 B. & Ald. 233; *Bank of U. S.* v. *Dunn*, 6 Peters, 51; *Erwin* v. *Saunders*, 1 Cow. 249) seem inapplicable to the facts before us, and are not opposed to this decision. Thus in *Hoare* v. *Graham*, the note was payable by its terms in two months. The defendants were payees and indorsers to Grill & Son, through whom plaintiff made title. The defense had two branches: first, that the note had been drawn as collateral security for certain advances made by plaintiff to Grill & Son; second, that the defendants indorsed on condition that it should be renewed when due. The court held the first branch of the defense admissible, but the second not, recognizing a distinction between an agreement collateral to the note, or one showing the purpose of its delivery to be different from the purpose apparent from its terms, and an agreement in contradiction of the terms of the note. *This case, therefore, and the others cited, are in harmony with those which recognize a distinction between an agreement for the legal discharge of a contract and one*

*which destroys its original legal effect, either by contradicting its terms or substituting a distinct and independent agreement.''*

In the case at bar the action is upon the notes. Under the foregoing cases and those which permit the introduction of parol evidence it would doubtless be competent to 'prove the fact that the mortgage in question was given as collateral, and, if the mortgage itself were in the ordinary form, that upon payment of the obligation it was to be returned, or, assuming the same thing as to the form of the mortgage, that there was an agreement that in case of a foreclosure of the mortgage the proceeds should be applied upon the obligation. In other words, parol evidence would be admissible as to an independent contract for the legal discharge of the notes and, if the delivery of the mortgage was an incident of that independent contract, assuming the presence in the mortgage of no terms the effect of which would be destroyed by such independent contract, the fact that it was delivered and the purpose of its delivery could be established by parol. Where, however, as in the present case, the mortgage itself states its purpose and that purpose would be limited by the independent contract, it seems to me that under the distinction recognized in the *Juilliard* case, the defendants may not show by parol that the effect of the mortgage is different from that expressed in the mortgage itself. They might show, it seems to me, the independent agreement up to the point that it tends to dispute the terms of the mortgage, if the giving of the mortgage as collateral to the obligations of the makers of the notes were in dispute, but when they attempt to limit the terms of the mortgage, another written instrument, which they must admit as a part of the independent agreement resting partly in parol and partly as evidenced by the mortgage, they overstep the line. Stated more clearly, my analysis of the situation is that the defendants are seeking to establish a parol agreement relative to the notes upon which the suit is brought. That agreement is between the parties to the suit, if it exists, and an incident of that parol agreement is the delivery of the mortgage made by a third person. By delivering it as a part of their independent agreement they become bound by it and cannot dispute its terms.

Going back to the rule laid down in the *Spingarn* case, if we assume that the defendants are strangers to the mortgage, they are seeking to establish a right growing out of the mortgage, namely, the right to have the proceeds of the mortgage applied to their debt, or a right originating in the relations established by the instrument, namely, the holding of the mortgage by the plaintiff as collateral, and under that decision parol evidence may **not** be

admitted to vary the terms of the instrument. However you may view this case, whether treating the defendants as strangers because not the mortgagor or mortgagee, or parties because of the fact that they delivered it as a part of an independent contract, they must rely upon the mortgage as a part of their defense, and must assert a right growing out of the mortgage in order to succeed. In that situation they may not introduce evidence to vary the express terms of the instrument upon which they rely. Under the express terms of the mortgage, the mortgagee holds it " as a continuing security for the payment of any and all indebtedness or liability of any kind which the mortgagee now holds or may hereafter hold against the said Paul Hurwitz, and all renewals thereof, *or any part thereof* * * *." The italicized clause precludes the defendants from introducing evidence that its application was limited to indebtedness represented by the notes in question.

I find no other question in this case that requires consideration and I advise, therefore, that the judgment be affirmed, with costs.

All concur.

Judgment affirmed, with costs.